455 So.2d 1083 (1984)
Leo Armand JEAN, Appellant,
v.
STATE of Florida, Appellee.
No. 83-2532.
District Court of Appeal of Florida, Second District.
September 12, 1984.
*1084 Robert A. Boland, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Chief Judge.
Jean appeals from the sentence imposed after his plea of no contest to two counts of delivery and possession of marijuana in violation of section 893.13, Florida Statutes (1983). We affirm.
The appellant was sentenced under the Florida Sentencing Guidelines, Florida Rules of Criminal Procedure 3.701 and 3.988(g). In Jean's case, for the total number of points calculated on his scoresheet, the corresponding chart lists a recommended sentence range of "any non-state prison sanction." Fla.R.Crim.P. 3.988(g). However, the trial judge chose to depart from the recommended range, and imposed a sentence of two years incarceration upon the appellant. As required under rule 3.701(d)(11), the judge provided a written statement delineating her reasons for departure:
1. The guidelines state that their purpose is punishment. The Defendant has previously received a six months county jail and a one year county jail sentence for similar offenses. That punishment did not deter him from committing further drug offenses.
2. Defendant violated his felony probation for a drug offense almost immediately (less than one month) after being placed on probation and was sentenced to one year in the county jail.
3. The amount of marijuana was not a small amount, but rather two pounds for $2,100.00, far exceeding the 20 grams necessary for a felony possession.
4. The Court realizes the guidelines do not allow for prior drug offenses to count extra "points" within the guidelines. However, this is the Defendant's third conviction for sale and possession of a controlled substance, and this Court finds that aggravating, particularly when he received both probation and two county jail sentences previously.
On appeal, Jean argues that under the rule, the trial judge improperly considered certain factors and misapplied the rule when deciding to aggravate his sentence. Specifically, the appellant contends that his previous jail sentences for similar convictions and his probation violation were already calculated on the scoresheet as prior convictions, and, according to the intent of the guidelines, cannot serve as reasons for departure. He further argues that because the two pounds of marijuana which he possessed is ninety-eight pounds less than the amount required to be convicted under the next most severe category of sales (trafficking), it was not the intent of the legislature to enhance the penalty in this fashion. Finally, he claims that because the guidelines under Category VII (drugs) do not provide for the calculation of extra points for the same criminal behavior as other guideline categories do, his sentence cannot be aggravated on that basis.
The determination of a defendant's sentence has always been within the discretion of the trial court, and the promulgation of the guidelines was not intended to supersede this principle. Fla.R.Crim.P. 3.701(b)(6); Weems v. State, 451 So.2d 1027 (Fla. 2d DCA 1984). Rather, the guidelines are intended to assist the sentencing judge *1085 in the decision-making process (rule 3.701(b)) and to ensure that the "use of incarcerative sanctions ... be limited to those persons convicted of more serious offenses or those who have longer criminal histories." Fla.R.Crim.P. 3.701(b)(7). (Emphasis added).
While it is true that the scoresheet provides for the calculation of points for prior convictions on their face, the guidelines cannot properly account for the circumstances underlying the prior convictions. In this case, the judge noted that the appellant's prior incarceration for similar offenses did not deter him from committing the same offense again. Further, upon release from his first conviction, the appellant violated his probation within one month. We believe that the judge was well within her discretion to reason that incarceration rather than a non-state prison sanction was required to punish Jean and deter him from committing any future drug offenses. The primary purpose of sentencing is to punish the offender. Fla. R.Crim.P. 3.701(b)(2).
Although the appellant attempts to minimize the amount of marijuana he possessed at the time of his arrest, the two pounds in his possession far exceeded the twenty grams which is necessary for a felony conviction.
In this case, the trial judge provided clear and convincing reasons which justified a departure from the range given in the sentencing guidelines. The sentence is, therefore, AFFIRMED.
GRIMES and LEHAN, JJ., concur.