475 So.2d 1356 (1985)
Derrick Joseph BOLDES, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1607.
District Court of Appeal of Florida, Fifth District.
October 3, 1985.
James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
The trial court aggravated appellant's guideline sentence upward more than one cell for the reason that appellant violated his community control conditions. Specifically, the judge stated at the sentencing:[1]
I am departing from the guidelines because I find that you were previously sentenced to two years Department of Corrections and two years Community Control. You violated the community control. To now reduce your sentence to probation just simply would make no sense to me.
Appellant contends this is error because the court was not authorized to increase his sentence more than the next cell higher than the recommended range for this reason. We agree.
This case is distinguishable from Carter v. State, 452 So.2d 953 (Fla. 5th DCA 1984), because Carter preceded the effective date of the Amendment to Florida Rule of Criminal Procedure 3.701(d)(14). That amendment provides:
Sentences imposed after revocation of probation or community control must be in accordance with the guidelines. The sentence imposed after revocation of probation may be included within the original cell (guidelines range) or may be increased to the next higher cell (guidelines range) without requiring a reason for departure. (Emphasis added).
This amendment became effective on July 1, 1984. Ch. 84-328, Laws of Florida; The Florida Bar: Amendment to the Rules of Criminal Procedure (3.701; 3.988  Sentencing Guidelines), 451 So.2d 824 (Fla. 1984). It was therefore in effect on October 26, 1984, when the judge sentenced Derrick and Derrick should have the *1357 benefit of the amended rule. Compare Joyce v. State, 466 So.2d 433 (Fla. 5th DCA 1985) (Amendment inapplicable to defendant sentenced before its effective date).
In this case, the sentencing judge gave as his sole reason for a "departure" sentence the fact that Derrick violated his community control conditions following his two year term of imprisonment, and that the guideline presumptive sentence of "probation" made "no sense." However, the judge sentenced Derrick in this case to forty-eight months, which was a sentence two brackets up on the hierarchy of the guidelines presumptive sentence ranges. He could have sentenced Derrick to thirty months, using the one bracket up range.
It appears to us that if violation of community control or probation is the sole reason for departing from a guidelines sentence, that the amended rule has mandated the result that the sentence may be increased one bracket. However, if the increase is beyond one bracket, then other clear and convincing reasons must be given for the departure. Fla.R.Crim.P. 3.701(d)(11). An interpretation of the guidelines allowing unrestricted "departure" sentences solely for a violation of probation would, in effect, make the amended rule meaningless.[2]
Accordingly, we vacate the sentence and remand for resentencing.
SENTENCE VACATED; REMANDED.
COBB, C.J., and DAUKSCH, J., concur.
NOTES
[1] Burke v. State, 456 So.2d 1245 (Fla. 5th DCA 1984); Fla.R.Crim.P. 3.701(d)(11).
[2] Although Florida Rule of Criminal Procedure 3.701(d)(14) allows an increase one cell for a departure based for a revocation of probation, we find that community control is functionally the same as probation, as both are non-incarcerative dispositions. Ch. 948, Fla. Stat. (1983).