481 So.2d 24 (1985)
Robert Norman RODRIGUE, Appellant,
v.
STATE of Florida, Appellee.
No. 85-20.
District Court of Appeal of Florida, Fifth District.
December 5, 1985.
Rehearing Denied January 14, 1986.
Eric A. Latinsky, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary W. Tinsley, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
The defendant appeals a departure sentence of 48 months' imprisonment after his probation was revoked. We affirm.
On September 21, 1984, defendant was placed on probation for two years after pleading nolo contendere to the crime of unlawful possession of a controlled substance (cocaine) in violation of section 893.13(1)(e), Florida Statutes (1983). Less than three weeks later an affidavit was filed charging that defendant had committed several violations on the very day he was placed on probation. At a later hearing on these charges the court found that the defendant had committed these violations of the conditions of his probation, viz: 1) possession of a .38 calibre revolver; 2) driving with a suspended license; 3) affixing a tag not assigned to a vehicle in violation of Florida Statutes; 4) possession of narcotics paraphernalia; 5) possession of cocaine; 6) failure to submit a written monthly report; and 7) failure to pay costs of supervision, and revoked his probation.
The recommended guidelines sentence was "any non-state prison sanction." The trial court departed from the presumptive sentence and sentenced defendant to 48 months' imprisonment, giving the following written reasons for departure:
In imposing the above sentence, the Court further finds that the violation of *25 probation in this cause is sufficient reason to go outside of the guidelines in this cause especially since said violation occurred within six hours after the order of probation was pronounced.
The defendant argues that a trial court may depart one cell upward for a probation violation pursuant to the sentencing guidelines (3.701(d)(14), Fla.R.Crim.P.) but that a departure to the fourth cell based on a probation violation is error.
The trial court departed for two reasons: (1) the violation of probation and (2) that the criminal offenses occurred within six hours after the defendant was placed on probation. The trial court was authorized to increase the defendant's sentence to the next higher cell without stating a reason for departure on the basis of the probation violation. Fla.R.Crim.P. 3.701(d)(14). In Boldes v. State, 475 So.2d 1356 (Fla. 5th DCA 1985) this court stated:
It appears to us that if violation of community control or probation is the sole reason for departing from a guidelines sentence, that the amended rule has mandated the result that the sentence may be increased one bracket. However, if the increase is beyond one bracket, then other clear and convincing reasons must be given for the departure. Fla.R.Crim.P. 3.701(d)(11). [Emphasis in original].
Here, violation of probation was not the sole reason for the departure. The timing of the violation of probation was also relied upon by the court and is a clear and convincing reason in this case for departure.
Obviously, the probation meant nothing to defendant. He was scarcely out of the courtroom before his own little crime wave began again. The trial court obviously believed that something more than a minimal sentence was needed to impress the defendant with his legal and societal obligations. Other courts have held that the timing of an offense may constitute a clear and convincing reason for departure. In Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984) the court sustained a three cell enhancement where the defendant had committed one petty offense six months after being placed on parole and then committed the offense for which he was being sentenced one month after that, saying:
The timing of the commission of offenses is not included in the criteria for determining a guidelines score. Nor would consideration of this factor violate the prohibition of Fla.R.Crim.P. 3.701(d)(11) concerning factors relating to arrest for which convictions have not been obtained.
Id. at 535. See also Fleming v. State, 456 So.2d 1300 (Fla. 2d DCA 1984) (offense committed while awaiting sentence on an earlier offense); Jean v. State, 455 So.2d 1083 (Fla. 2d DCA 1984) (similar crime committed within one month after being placed on probation). Because the timing of the commission of the offenses is not a factor in calculating the presumptive sentence, the offenses are not improperly counted twice. Cf. Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
We have also reviewed the extent of departure as we are now required to do under Albritton v. State, 476 So.2d 158 (Fla. Aug. 29, 1985). The trial court could have increased the sentence one cell and thus imprisoned the defendant for as long as 30 months without giving any reasons for departure, because defendant violated his probation. Based on the standard of review which Albritton requires, we find no abuse of judicial discretion in adding 18 months to the presumptive term for the reasons given by the court.
AFFIRMED.
COBB, C.J., and UPCHURCH, J., concur.