481 So.2d 993 (1986)
Joseph Roland WHITE, Appellant,
v.
STATE of Florida, Appellee.
No. 85-503.
District Court of Appeal of Florida, Fifth District.
January 23, 1986.
James B. Gibson, Public Defender, and David R. Russell, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Ellen D. Phillips, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
The defendant appeals his departure sentence following his conviction for burglary of a structure. We must vacate the sentence.
Two reasons were given for departure. One was defendant's extensive criminal record. Because the prior criminal record is scored in computing the guideline sentence, it may not be used as a basis for departure. Hendrix v. State, 475 So.2d 1218 (Fla. 1985). The other reason was the fact that defendant committed the crime for which he was being sentenced only two days after his release from prison on an earlier conviction. This court has held that the timing of an offense may constitute a clear and convincing reason for departure. Rodrigue v. State, 481 So.2d 24 (Fla. 5th DCA 1985). Other courts have reached the same conclusion. Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984); Jean v. State, 455 So.2d 1083 (Fla. 2d DCA 1984).
Because the State has not met its burden of showing beyond a reasonable doubt that *994 the departure sentence would have been imposed absent the impermissible reason, we vacate the sentence and remand for resentencing. Albritton v. State, 476 So.2d 158 (Fla. 1985).
Sentence VACATED and REMANDED for resentencing.
DAUKSCH and COWART, JJ., concur.