482 So.2d 552 (1986)
Cephus E. TORREY, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1075.
District Court of Appeal of Florida, Second District.
February 5, 1986.
James Marion Moorman, Public Defender and D.P. Chanco, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
FRANK, Judge.
After revocation of his probation, Cephus Torrey was sentenced to concurrent terms of three years and five years for the offenses of burglary of a conveyance and grand theft. The sentence imposed was beyond the guidelines' recommended range, and the appellant contends that the court erred both in revoking his probation and in exceeding the guidelines. We disagree but find technical error in the trial court's failure to provide a written statement of reasons for departure as is required by Rule 3.701(d)(11) of the Florida Rules of Criminal Procedure.
The record reveals sufficient evidence to warrant the finding that the appellant *553 had violated his probation. Ivey v. State, 308 So.2d 565 (Fla. 2d DCA 1975). The trial court was further justified in finding that the appellant had violated probation for the second time and that after being told to do so, he failed to report to his probation officer within two days. A second probation violation and the timing of a probation violation have been held to constitute clear and convincing reasons for departure. Gordon v. State, 483 So.2d 22 (Fla. 2d DCA 1985); Rodrigue v. State, 481 So.2d 24 (Fla. 5th DCA 1985). Departure in the instant matter was based upon sound and adequate reasons.
At the time of the appellant's sentencing hearing the supreme court had not published its decision in State v. Jackson, 478 So.2d 1054 (Fla. 1985) in which it held that the transcription of orally stated reasons for departure does not satisfy Rule 3.701(d)(11) of the Florida Rules of Criminal Procedure.
Although the trial court's inclusion of the departure grounds in the transcript was at the time in keeping with this court's view of Rule 3.701(d)(11), expressed for example in Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984), but which subsequently became technically deficient under Jackson, we affirm the appellant's conviction but reverse the sentence and remand with the following directions: If upon remand the trial court adheres to the reasons relied upon for departure as they appear in the sentencing transcript and the identical sentence is imposed upon the appellant, the entry of a resentencing order restating in a separate written document the transcribed reasons may occur without the appellant's presence.
SCHEB, A.C.J., and LEHAN, J., concur.