HALL, Judge.
Alexander Mullens appeals his judgments and sentences entered in two cases for crimes committed in 1982 and in two cases for crimes committed in 1984.
Appellant was placed on concurrent terms of probation for the 1982 offenses. Appellant was then charged with grand theft, which was later nol-prossed by the state, and two counts of burglary, all of which were committed in August of 1984.
On November 21, 1984, appellant pled guilty to the 1984 charges and admitted the violations of probation on the 1982 cases. The court revoked appellant’s probation and sentenced him under the guidelines for the 1982 cases as well as for the 1984 eases.
At the November 21 hearing, counsel for appellant requested that appellant be sentenced as a youthful offender, as he was only seventeen years old. The record sets forth the following dialogue of counsel’s request:
[Appellant’s counsel]: Judge, because of his age we would ask the Court to consider sentencing him as a youthful offender. I believe it carried six years Florida State Prison, suspended after four, if the Court would consider that.
Judge, the guidelines, I believe, are seven to nine.
[Prosecutor]: Seven to nine on the new offenses, Your Honor.
THE COURT: Well, I’m not going to follow the guidelines, to which you object, correct?
[Appellant’s counsel]: Yes.
Appellant remained silent during the sentencing dialogue, and at the conclusion thereof, the trial court imposed sentences ranging from life probation to fifteen years’ imprisonment. It retained jurisdiction on each of the fifteen-year sentences, with each sentence to run concurrently with the others.
Appellant raises two points on appeal. First, he contends that the trial court erred in sentencing him under the guidelines in the 1982 cases, as he did not affirmatively select the guidelines. Second, he contends that the trial court’s departure from the guidelines was based on impermissible reasons and that the cases should be remanded to the trial court for resentencing.
The guidelines scoresheet reflects that the 1982 offense was used as the primary offense in calculating the guidelines sentence and that appellant was sentenced under the guidelines for these offenses, even though he made no affirmative selection of the guidelines. Counsel for appellant was requesting sentencing under the youthful offender act, while appellant remained silent during the sentencing dialogue.
Section 921.001(4)(a), Florida Statutes (1983), provides that crimes committed prior to October 1, 1983, are subject to the sentencing guidelines only if the defendant affirmatively selects to be sentenced under them. In re Rules of Criminal Procedure, 439 So.2d 848 (Fla.1983). Mere silence does not consititute affirmative selection. Kimsey v. State, 467 So.2d 333 (Fla. 2d DCA 1985). Nor does a discussion of the presumptive sentence with the trial court constitute affirmative selection. Jackson v. State, 478 So.2d 515 (Fla. 2d DCA 1985).
Accordingly, we reverse appellant’s sentences for the 1982 offenses and remand for resentencing.
As to the second point raised by appellant, we find that the trial court erred in relying on intentional violence inherent in several crimes as a clear and convincing reason for departure. After reviewing the record, however, we feel that the trial court did espouse valid reasons for departure, including an extensive juvenile record which was not factored into the guidelines scoresheet. Weems v. State, 469 So.2d 128 (Fla.1985).
We find departure in this case to be grounded on permissible and impermissible reasons. In such a case our supreme court has recently held that “the sentence should be reversed and the case remanded for resentencing unless the state is able to show beyond a reasonable doubt that the *94 absence of the invalid reasons would not have affected the departure sentence.” Albritton v. State, 476 So.2d 158, 160 (Fla.1985). We therefore reverse the sentences for the 1984 offenses and remand for re-sentencing.
At resentencing appellant may affirmatively elect to be sentenced under the guidelines for the 1982 offenses. If he does so elect and the trial court again decides to depart for the 1982 offenses as well as the 1984 offenses, it must provide valid, written reasons therefor. Furthermore, the court may not retain jurisdiction over any part of a guidelines sentence. Blackwelder v. State, 476 So.2d 280 (Fla. 2d DCA 1985). If appellant does not elect to be sentenced under the guidelines for the 1982 offenses, then the trial court must sentence him according to the laws in effect prior to adoption of the guidelines.
Reversed and remanded.
GRIMES, A.C.J., and SCHOONOVER, J., concur.