PER CURIAM.
This is an appeal of a departure sentence. Defendant was on community control for two convictions at the time he was adjudicated guilty of burglary of a conveyance in violation of section 810.02, Florida Statutes. The trial judge revoked his community control on both convictions and sentenced the defendant to five years in prison concurrent on the three cases, giving him two years and twenty days credit on the earlier convictions, but no credit on the burglary of a conveyance conviction.[1] The imposed sentence was a three cell upward departure from the recommended sentence of community control or 12-30 months incarceration.
The trial judge listed as his reasons for departure:
The defendant has demonstrated total disregard for the law by committing new offenses while on probation. He has an extensive juvenile record (five felonies, one misdemeanor) that could not be scored.
This court has held in Boldes v. State, 475 So.2d 1356 (Fla. 5th DCA 1985), that if violation of probation is the sole reason for departing from the guideline sentence, the sentence may be increased one bracket without including a written reason for the departure. Any increase greater than one bracket requires that other clear and convincing reasons be given. See Ludmin v. State, 480 So.2d 1389 (Fla. 1st DCA 1986); Stewart v. State, 480 So.2d 1387 (Fla. 1st DCA 1986).
The trial judge did list another clear and convincing reason for departure — the defendant’s juvenile record which was not scored in computing the recommended sentence. The Florida Supreme Court held in Weems v. State, 469 So.2d 128 (Fla.1985), that Florida Rule of Criminal Procedure 3.701(d)(5)(c) excludes juvenile dispositions over three years old from initial computation but not from being considered as reasons for departing from the guidelines. Thus, the unscored juvenile record of the defendant is a clear and convincing reason for departure.
*857 The defendant’s violation of community control was not the sole reason for departure. The departure is supported by the clear and convincing reason of the uns-cored juvenile record, and is therefore affirmed.
AFFIRMED.
COBB, C.J., and ORFINGER, J., concur.
COWART, J., concurs specially with opinion.

. This court has held that credit for presentence jail time need not be allocated to each concurrent sentence. Wallace v. State, 478 So.2d 1092 (Fla. 5th DCA 1985). That opinion pointed out that there is currently a conflict between the district courts on this question and certified the following question to the Florida Supreme Court: “In crediting jail time served on concurrent sentences, must time served be applied in full to each concurrent sentence?”