PER CURIAM.
The appellant was convicted of battery on a law enforcement officer. The trial judge increased the points under the guidelines and aggravated the sentence of the appellant to five years and thereby departed from the guidelines. His reasons for departure were punishment and deterrence.
We reverse and remand for resen-tencing. It was error to score additional points for victim injury when there was no evidence of same and it was not an essential element of the crime. Holloman v. State, 482 So.2d 431 (Fla. 5th DCA 1985); Inscore v. State, 480 So.2d 218, 219 (Fla. 5th DCA 1985); Whitfield v. State, 471 So.2d 633 (Fla. 1st DCA 1985). It was also error to aggravate the sentence for the reasons pronounced. Albritton v. State, 476 So.2d 158 (Fla.1985); Cawthon v. State, 486 So.2d 90 (Fla. 5th DCA 1986); Patty v. State, 486 So.2d 16 (Fla. 1st DCA 1986); Battles v. State, 482 So.2d 540 (Fla. 3d DCA 1986).
Therefore the sentence under review is reversed and the matter is returned to the trial court for resentencing.
Reversed and remanded with directions.