HALL, Judge.
Patricia Mitchell appeals her sentence for grand theft. We find merit in her argument that the trial judge erred in aggravating her presumptive guidelines sentence. We, therefore, reverse and remand this case for resentencing.
Appellant was originally sentenced to one year community control, to be followed by four years’ probation, as a result of her plea of guilty to a charge of grand theft. After her subsequent arrest on another charge of grand theft, appellant was found to have violated her probation and it was revoked. Appellant’s scoresheet indicated an assessment of fifteen points, for which the guidelines recommended any nonstate prison sanction. However, the trial judge departed three cells from this recommended sentence and sentenced appellant to four years’ imprisonment. His written reason for this departure was “violation of probation demonstrating complete disregard for law and property rights of others.”
When imposing a sentence after a revocation of probation, a trial judge may depart one cell from the presumptive guidelines sentence without giving a reason therefor. Fla.R.Crim.P. 3.701(d)(14). Any further departure must be supported by clear and convincing written reasons not related to the violation of probation. *912 Boldes v. State, 475 So.2d 1356 (Fla. 5th DCA 1985). Because the reason for departure in this case was related to appellant’s violation of her probation, a departure of only one cell from the presumptive sentence would have been valid.
Accordingly, we reverse appellant’s sentence and remand for sentencing.
RYDER, C.J., and FRANK, J., concur.