CAMPBELL, Judge.
This is another in the increasing deluge of appeals which focus on alleged sentencing guideline errors. In this appeal, appellant alleges that the trial court erred in departing from the guidelines without providing a contemporaneous written statement of the reasons for departure. In the court below, the trial judge declined to give written reasons for departure relying instead on the reasons stated and recorded in the transcript of the sentencing proceedings. That was error, and we reverse on that issue and remand for resentencing. State v. Jackson, 478 So.2d 1054 (Fla.1985).
It should be noted, to the trial judge’s credit, that Jackson was decided after the date of sentencing below and contravened previous holdings of this court.
On remand, should the trial court determine to again exceed the guidelines, he should do so by separate written order clearly delineating his reasons. Dorado v. State, 482 So.2d 561 (Fla. 2d DCA 1985).
On resentencing, in considering whether to depart, the trial judge should consider these cases which may be instructive. Hendrix v. State, 475 So.2d 1218 (Fla. 1985); Weems v. State, 469 So.2d 128 (Fla. 1985); Middleton v. State, 489 So.2d 201 (Fla. 2d DCA 1986); Mullens v. State, 483 So.2d 92 (Fla. 2d DCA 1986); Torrey v. State, 482 So.2d 552 (Fla. 2d DCA 1986); Rodrigue v. State, 481 So.2d 24 (Fla. 5th DCA 1986); Kossow v. State, 468 So.2d 1104 (Fla. 2d DCA 1985).
Since we have ordered resentencing on remand, we do not reach appellant’s second issue concerning the extent of the trial judge’s previous departure.
RYDER, C.J., and SCHEB, J., concur.