PER CURIAM.
In this appeal, the sole issue to be decided is whether the trial court erred in its departure from the sentencing guidelines. We find error in the departure and therefore, we reverse and remand for resentenc-ing.
In its order, the trial court cited the following reasons for departure:
[Defendant] has failed all prior attempts at rehabilitation through [previous] sentences of jail time, probation [and] prison time [and] his criminal history reflects an inability to be rehabilitated (see Higgs v. State [455 So.2d 451] 9 F.L.W. 1895[)] [and] further indicates that he is a danger to members of the community [and] to society.
The guidelines, while scoring for physical injury, do not provide for the specific psychological trauma suffered by the victim in the case. Green v. State [455 So.2d 586], 9 F.L.W. 1909
This offense was committed while the defendant was on an earlier felony probation and was a violation of a substantial condition of probation. Carter v. State, 452 So.2d 953.
Under appropriate circumstances, the first two reasons could furnish a valid basis for departure. See, e.g., Booker v. State, 482 So.2d 414 (Fla. 2d DCA 1985) (departure affirmed where trial court entered a written “Order of Aggravating Circumstances” outlining in “great detail” defendant’s probation history in its grounds for departure); Tompkins v. State, 483 So.2d 115 (Fla. 2d DCA 1986) (psychological trauma can be basis for departure where it is unusually greater than the trauma necessarily contained in the elements of the charge). Here, however, the trial court’s conclusions for its first and second reasons are not supported by the record. See State v. Mischler, 488 So.2d 523 (Fla.1986).
The court’s third reason recites that the defendant committed the offense while on an earlier felony probation and this offense was a violation of a substantial condition of probation. The fact defendant committed the offense while on probation was factored into the guidelines scoresheet since defendant was under legal constraint. Further, violations of a substantial condition of probation authorize an increase of defendant’s sentences to the next higher cell. Fla.R.Crim.P. 3.701(d)(14). However, the third reason does not set forth any clear and convincing basis for departure in this case.
*1169 Accordingly, we vacate appellant’s sentences and remand for resentencing within the guidelines.
RYDER, C.J., and SCHEB and SAND-ERLIN, JJ., concur.