490 So.2d 173 (1986)
Clarence BROOKS, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1425.
District Court of Appeal of Florida, Fifth District.
June 19, 1986.
James B. Gibson, Public Defender, and Michael L. O'Neill, Asst. Public Defender, Daytona Beach, for appellant.
*174 Jim Smith, Atty. Gen., Tallahassee, and Joseph N. D'Achille, Jr., Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Chief Judge.
On appeal, Brooks contends that the trial court erred in imposing a sentence in excess of the sentencing guidelines, and in imposing costs pursuant to sections 27.56, 943.25 and 960.20, Florida Statutes (1983). We agree and reverse.
The trial court's reasons for departure were stated as follows:
Though the guidelines take into consideration the defendant's past criminal record, it does not consider the time sequence of the same which is as follows: On April 12, 1983, he was arrested for burglary of a structure. He was released on his own recognizance and after entering a plea on that charge, and while awaiting sentencing, he committed two other felony offenses involving burglaries. For the first burglary he received four years probation, for the second he received two years community control, and for the third he received two years imprisonment on August 31, 1984. With jail credit and gain time he was released on January 11, 1985, just nine days before committing the burglary of a dwelling involved in this case. These facts clearly convince the undersigned that the recommended prison term of four and a half years is insufficient to get this individual's attention. For the protection of society as well as for the welfare of this defendant, he should be confined for a period of at least five years which under the present system of early release requires a sentence of eight years.
The court thus enunciated three reasons for departing from the guidelines: (1) the timing of the offense, (2) the insufficiency of the guidelines to punish, and (3) that gain time provisions would reduce the sentence.
As to the first reason given, although the timing of an offense has been upheld as a valid reason for departure,[1] there is no competent evidence in the record to support this finding. During the sentencing hearing there was a great deal of confusion over the prior criminal history of Brooks. Brooks claimed that most of his prior convictions were obtained before his sentencing on the April 12, 1983 offense. Brooks also claimed that he had never been put on probation and was therefore not under legal constraint at the time of committing the present offense. The burden was thus put upon the state to present competent corroborating evidence. This was not done. See Eutsey v. State, 383 So.2d 219 (Fla. 1980); Morris v. State, 483 So.2d 525 (Fla. 5th DCA 1986); Vandeneynden v. State, 478 So.2d 429 (Fla. 5th DCA 1985).
The second and third reasons for departure are also invalid. It has been repeatedly held that the insufficiency of a guideline sentence to punish the wrongdoer is an invalid reason for departure. See Hendrix v. State, 475 So.2d 1218 (Fla. 1985); Clark v. State, 481 So.2d 994 (Fla. 5th DCA 1986). Additionally, the possibility of gain time was a factor included in computing the sentencing guidelines. See Fla.R.Crim.P. 3.701(b)(5). It is impermissible to base a departure sentence upon a reason already factored into the guidelines. See Hendrix, supra.
As all three of the reasons given for departure are invalid, this case is remanded with instructions to sentence Brooks within the guideline range.
The lower court also erred in imposing costs under sections 27.56, 943.25 and 960.20, Florida Statutes (1983), since Brooks is an indigent and was not provided with notice and an opportunity to object. See Jenkins v. State, 444 So.2d 947 (Fla. 1984). These costs are therefore stricken without prejudice to the state to tax them in accordance with the procedure outlined *175 in Jenkins. Id. at 950. See also Quince v. State, 475 So.2d 916 (Fla. 4th DCA 1985).
REVERSED and REMANDED.
ORFINGER and SHARP, JJ., concur.
NOTES
[1] See White v. State, 481 So.2d 993 (Fla. 5th DCA 1986); Jean v. State, 455 So.2d 1083 (Fla. 2d DCA 1984); Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984).