496 So.2d 911 (1986)
John Smith SIMMONS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 85-450 to 85-453.
District Court of Appeal of Florida, Second District.
October 24, 1986.
*912 James Marion Moorman, Public Defender, Bartow, Deborah K. Brueckheimer, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Lauren Hafner Sewell, Asst. Atty. Gen., Tampa, for appellee.
SANDERLIN, Judge.
This is an appeal from a sentence imposed following revocation of probation, and is a departure from the sentencing guidelines. We reverse.
In 1979, appellant was charged with five counts of dealing in stolen property. Appellant pled guilty to the charges and was placed on concurrent terms of seven years probation, which were to follow appellant's release from an unrelated prison sentence. In December 1982, an affidavit of violation of probation and warrant were filed. The trial court subsequently revoked appellant's probation in one count and extended his probation to fifteen years on the remaining four counts in a modification order. In Simmons v. State, 445 So.2d 700 (Fla. 2d DCA 1984), this court reversed that modification order.
On January 9, 1985, a further warrant was filed alleging six violations of probation: failure to provide monthly reports, committing robbery, grand theft, forgery, uttering a forged instrument, and fraudulent use of a credit card. The substantive violations were alleged to have occurred on August 21, 1984.
At a hearing on February 8, 1985, appellant pleaded not guilty to the violations. After hearing testimony of the witnesses produced by the state, the trial court found appellant "guilty" of all the violations, with the exception of the robbery violation. The trial court dismissed one of the original five charges, revoked appellant's probation and adjudicated him guilty on the remaining four charges, and sentenced him to four concurrent terms of fifteen years imprisonment. The trial court further stated:
I'm exceeding the guidelines. Point out what he is on probation for. Placed on probation on case number so and so for stealing a car or TV or whatever. Just a one short sentence.

*913 While on probation commits 84-9607. Point out also that in 79-1029 he received a two year prison sentence and got into this difficulty of 84-9607 shortly after being released from prison. Those are the reasons that I'm exceeding the guidelines.
In addition to the above-stated reasons for departure, the written reasons appearing in the record include other reasons which were apparently supplied by the state attorney and approved by the trial court. The sentencing guidelines scoresheet reveals a presumptive range of community control or 12-30 months incarceration.
Appellant first contends the trial court erred in delegating to the state its duty to provide written reasons for departure. We agree. We have previously condemned the procedure utilized in this case whereby the state attorney when preparing the written reasons for departure includes not only the reasons announced by the trial court, but also the state attorney's reasons. Bogan v. State, 489 So.2d 157 (Fla. 2d DCA 1986). See also Johnson v. State, 483 So.2d 839 (Fla. 2d DCA 1986). Accordingly, we will not consider the additional reasons formulated by the state.
The trial court's first reason for departure was that appellant committed the new offenses while on probation. In imposing a sentence following revocation of probation, the trial court may depart one cell from the presumptive guidelines range without accompanying written reasons for departure. Fla.R.Crim. P. 3.701(d)(14). If the sentence is to be increased beyond a one cell departure, as in this case, the trial court must provide clear and convincing written reasons not related to the probation violation. Mitchell v. State, 488 So.2d 911 (Fla. 2d DCA 1986). The state contends that this reason for departure is valid given that appellant has twice violated his probation. While it is true that a second probation violation is a valid reason for departure, Adams v. State, 490 So.2d 53 (Fla. 1986); Torrey v. State, 482 So.2d 552 (Fla. 2d DCA 1986), the state has not demonstrated beyond a reasonable doubt that this was the reason for the trial court's departure in the present case. See State v. Mischler, 488 So.2d 523 (Fla. 1986). The trial court's oral pronouncement, as well as its written order, refers only to the present violation of probation. It does not refer to any other probation violation.[1] As such, this reason, alone, will not support a departure of more than one cell from the presumptive range. Mitchell.
The second reason for departure, proximity between the probation violation and release from incarceration, is invalid under the facts of this case.
Initially, we observe that it is unclear from the record to which "prior incarceration" the trial court was referring. In its oral pronouncement, the trial court referred to a two year prison sentence in case number "79-1029." The written order stated that appellant was released from prison in case number "79-129" on December 22, 1981. If the trial court meant appellant's prison release in December 1981 in case number 79-129, then there was over a two and one-half year period between his release and his subsequent probation violation in August 1984.
The timing of an offense may be a clear and convincing reason for departure. Torrey; Rodrigue v. State, 481 So.2d 24 (Fla. 5th DCA 1985). In cases where this reason for departure has been held valid, however, the time between the earlier release from prison or imposition of probation and the subsequent offense has been a matter of hours, days, weeks or months, not years. See, e.g., White v. State, 481 So.2d 993 *914 (Fla. 5th DCA 1986) (defendant committed crime two days after release from prison); Rodrigue, 481 So.2d at 25 (defendant committed crime six hours after being placed on probation) and cases cited therein.
The rationale behind this line of cases is that "something more than a minimal sentence [is] needed to impress the defendant with his legal and societal obligations." Rodrigue, 481 So.2d at 25. We have no quarrel with this rationale or with the above-cited cases. We do, however, question the propriety of this reason for departure in the present case, where there has been over two and one-half years between the earlier prison release and the subsequent offense. There then becomes a fine line between utilizing the "timing of an offense" as a reason for departure and departing for prior record, which is condemned by Hendrix v. State, 475 So.2d 1218 (Fla. 1985). Accordingly, we hold that the timing of the offense in this case is not a valid reason for departure.
Because neither of the trial court's reasons for departure is valid, we reverse appellant's sentences and remand for resentencing within the presumptive guidelines range, which, in this case, could include a one cell upward departure for violation of probation. Upon remand, the trial court is further directed to correct its written revocation order to conform to its oral pronouncement, by deleting the reference to the robbery offense, of which it found appellant "not guilty." See Brown v. State, 429 So.2d 821 (Fla. 2d DCA 1983).
Reversed and remanded for resentencing.
LEHAN, A.C.J., and FRANK, J., concur.
NOTES
[1] Even if the trial court had relied on appellant's earlier probation violation, it is doubtful whether this would have been valid given that the modification imposed following that violation was reversed on appeal to this court. While the state correctly points out that our prior decision in Simmons was implicitly overruled in Stafford v. State, 455 So.2d 385 (Fla. 1984), the record does not reveal that the modification order was ever reinstated in light of Stafford, such that this current probation violation could be considered a second violation.