DANAHY, Judge.
The defendant challenges the order revoking his probation and his guidelines departure sentence. He raises two issues, both of which have merit.
First, the defendant points out that although the affidavit charging violations of probation listed six violations, only one was established by evidence at the probation revocation hearing; that was the offense of burglary at Beyond Personal Electronics in Tampa. Nevertheless, the order revoking the defendant’s probation recites that the defendant committed all of the probation violations listed in the affidavit. Clearly, the listing of these other violations was an error, and the state concedes that point.
Accordingly, all of the probation violations listed in the order revoking probation must be stricken with the exception of the offense of burglary at Beyond Personal Electronics in Tampa.
*1309 After revoking the defendant’s probation, the trial judge departed from the guidelines recommended sentence range and sentenced the defendant to five years’ imprisonment. Although the trial judge orally stated his reasons for departure, he failed to submit his reasons in writing. Written reasons for departure are required by Florida Rule of Criminal Procedure 3.701(d)(11). State v. Jackson, 478 So.2d 1054 (Fla.1985); Torrey v. State, 482 So.2d 552 (Fla. 2d DCA 1986). Because the trial judge failed to reduce his reasons for departure to writing as required, we must reverse the sentence and remand for resen-tencing.
Reversed and remanded for correction of the order of revocation in accordance with this opinion and for resentencing.
LEHAN and FRANK, JJ., concur.