502 So.2d 1369 (1987)
Desmond H. FRANKS, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1080.
District Court of Appeal of Florida, Second District.
February 27, 1987.
*1370 James Marion Moorman, Public Defender, and D.P. Chanco, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James A. Young, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Chief Judge.
Appellant Franks appeals his judgment of guilt and sentence for the crime of possession of contraband in a county detention facility. He contends that written reasons given by the trial court to justify a departure from the presumptive guidelines range were invalid. We agree in part and reverse the sentence for reconsideration by the court.
Appellant was an inmate of the county jail when he pleaded guilty to a charge of possession of contraband in a county detention facility. The presumptive guidelines sentence was any nonstate prison sanction. The trial court imposed a two-year term in state prison, providing the following written reasons for departure in handwriting on the guidelines form:
1. Timing of Offense. Committed this while serving sentence prior to being put on community control.
2. Failed in past to respond to probation as juvenile or adult.
The trial judge then entered a separate order in which he restated the two reasons justifying departure as follows:
1. The offense was committed while the defendant was serving a sentence just prior to being placed on Community Control.
2. The defendant has failed to respond to probation or supervision either as a juvenile or adult.
We find no error in the first reason given by the trial court. Franks argues that this reason amounts to consideration of his status as a jail inmate at the time of the offense, a factor already considered when points were added to his scoresheet for being under legal constraint. Santiago v. State, 478 So.2d 47 (Fla. 1985). An examination of the record, however, demonstrates that the trial court did not depart because of Frank's status in jail, but rather focused on a very different and important aspect of this case at sentencing.[1] In 1983 Franks had been placed on probation for an offense. Later he committed a misdemeanor for which he was sentenced to one year in county jail. While in the county jail for the misdemeanor, his earlier probation was revoked and the order of revocation entered on September 13, 1985, *1371 placed him in community control which was to commence at the end of his county jail time. On November 17, 1985, while still serving his county jail time, Franks committed the instant offense. The sentencing hearing transcript, read together with the court's written reason for departure, makes it clear that the court departed from the guidelines, not because Franks was in jail when he committed the instant offense, but because he had committed it just two months after the court's probation revocation order which placed Franks on community control. That two-month time frame since the last order of sanction  not Franks' legal status in jail  and not Franks' past criminal record  was the extraordinary circumstance which so concerned the trial court that it chose to exercise its discretion to depart from the recommended range. We think, as the state contends, that the timing of the offense, a mere two months after the community control sanction was imposed following revocation of Franks' probation, was properly considered by the court and provided a clear and convincing reason for the departure in this case. Brooks v. State, 490 So.2d 173 (Fla. 5th DCA 1986); White v. State, 481 So.2d 993 (Fla. 5th DCA 1986); Jean v. State, 455 So.2d 1083 (Fla. 2d DCA 1984); Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984); see also Torrey v. State, 482 So.2d 552 (Fla. 2d DCA 1986); Rodrigue v. State, 481 So.2d 24 (Fla. 5th DCA 1985).
We do find that the second reason given by the trial court was improper. Assuming the reason would be valid given appropriate record support, see Burgess v. State, 491 So.2d 1167 (Fla. 2d DCA 1986), Adams v. State, 483 So.2d 121 (Fla. 2d DCA 1986), the record before us is insufficient to support such a conclusion. State v. Mischler, 488 So.2d 523 (Fla. 1986).
The state has not met its burden of showing beyond a reasonable doubt that the departure sentence would have been imposed absent the second reason which we find is improper. Therefore, pursuant to Albritton v. State, 476 So.2d 158 (Fla. 1985), we reverse the sentence and remand for resentencing. Wade v. State, 482 So.2d 346 (Fla. 1986).
The judgment is affirmed; the sentence is reversed and remanded for resentencing.
SCHOONOVER and SANDERLIN, JJ., concur.
NOTES
[1] It is appropriate, as we have done in this case, to look to the record to better ascertain the sufficiency of the written reasons given by the court. Vanover v. State, 498 So.2d 899 (Fla. 1986); Paschall v. State, 501 So.2d 1370 (Fla. 2d DCA 1987).