513 So.2d 1117 (1987)
Tommy ALEXANDER, a/K/a Angus McCant, Appellant,
v.
STATE of Florida, Appellee.
No. 86-894.
District Court of Appeal of Florida, Second District.
October 16, 1987.
*1118 James Marion Moorman, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, Clearwater, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol M. Dittmar, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Tommy Alexander appeals his sentences in excess of the guidelines recommended range. We agree that the reasons given for upward departure by the trial judge are invalid. We therefore reverse and remand this case for resentencing.
Alexander was originally placed on five years probation for grand theft and resisting arrest with violence. Thereafter, he pled guilty to carrying a concealed firearm, possession of cocaine with intent to sell, possession of amphetamines, grand theft, and violation of probation. The recommended guidelines range was community control or twelve to thirty months incarceration. The trial judge departed from the guidelines and imposed a sentence of five years on each offense, to run concurrently. The judge gave four reasons for departure.
The first reason given was that Alexander had violated substantive provisions of probation by committing new offenses. When imposing a sentence after revocation of probation, a trial judge may depart one cell without giving a reason. Fla.R.Crim.P. 3.701(d)(14). Any further departure must be supported by clear and convincing written reasons not related to the violation of probation. Mitchell v. State, 488 So.2d 911 (Fla. 2d DCA 1986); Boldes v. State, 475 So.2d 1356 (Fla. 5th DCA 1985). Because the reason for departure is related to Alexander's violation of probation, the departure in this case of more than one cell is invalid.
The second reason for departure was that Alexander was a drug dealer. This fact is an inherent component of one of the charges, i.e., possession of cocaine with intent to sell, and thus cannot be a basis for departure. See Fla.R.Crim.P. 3.701(d)(11); Reid v. State, 488 So.2d 913 (Fla. 2d DCA 1986).
The third reason for departure was that Alexander was a habitual offender. However, he was never formally adjudicated by the trial judge to be a habitual offender. Because the judge used the phrase "habitual offender" in his written order, we assume he was considering the factors which appear in the habitual offender statute, i.e., appellant's prior criminal record and danger to society. See § 775.084, Fla. Stat. (1985). In Whitehead v. State, 498 So.2d 863 (Fla. 1986), the supreme court held that the "objectives and consideration of the habitual offender statute are fully accommodated by the sentencing guidelines." Consequently, the trial court's statement that Alexander is a habitual offender is not a clear and convincing reason for departure.
The fourth reason given for departure was that the guidelines do not allow sufficient time for rehabilitation nor provide sufficient protection for the public. This is an invalid reason. The guidelines sentence is sufficient punishment and deterrence unless there are unusual circumstances. Teehan v. State, 488 So.2d 132 (Fla. 3d DCA 1986).
Finding that none of the reasons given for departure are valid, we vacate the sentence *1119 and remand for resentencing within the guidelines.
Reversed and remanded.
SCHEB, A.C.J., and RYDER, J., concur.