PER CURIAM.
James Jackson appeals the sentence imposed by the trial court upon his conviction for battery on a law enforcement officer. He correctly contends that the trial court erred in assessing points for victim injury.[1] Because victim injury is not an element of the offense, the trial court should not have assessed points for victim injury.[2] We therefore vacate the sentence and remand for resentencing. See Northcut v. State, 493 So.2d 85 (Fla. 4th DCA 1986); Teehan v. State, 488 So.2d 132 (Fla. 3d DCA 1986); see also Larkins v. State, 476 So.2d 1383 (Fla. 1st DCA 1985).
VACATED AND REMANDED.

. He does not contest points assessed for victim injury for the aggravated battery conviction.

. The current version of Fla.R.Crim P. 3.701(d)7 provides that victim injury shall be scored for each victim physically injured during commission of the offense. See Fla.R,Crim.P. Re: Sentencing Guidelines, 509 So.2d 1088 (Fla.1987). Rule 3.701(d)7, in effect in August 1986, the date of the offense, prohibited an assessment of victim injury points unless victim injury was an element of the convicted offense. This latter version is applicable here. Rubier v. State, 530 So.2d 523 (Fla.1988).