533 So.2d 911 (1988)
Reginald JACOBS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 87-154, 87-1091.
District Court of Appeal of Florida, Second District.
November 16, 1988.
*912 James Marion Moorman, Public Defender, and W.H. Pasch, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., and Gary O. Welch and Erica M. Raffel, Asst. Atty. Gens., Tampa, for appellee.
SCHEB, Judge.
Once again we address some of the many problems resulting from implementation of the sentencing guidelines. For purposes of our opinion, we have consolidated Jacobs' appeals.
The essential facts are that on October 22, 1985, Defendant Jacobs was charged with two counts of armed robbery in circuit court case # 85-10599. He was released on bail but failed to appear as ordered. Therefore, on December 9, 1985, he was charged with failure to appear. (Circuit court case # 85-13491.)
Jacobs pled guilty to both counts of robbery alleged in case # 85-10599, and on June 2, 1986, he was sentenced to one year and one day in prison on count one and one year on community control for count two. Also on June 2, he was sentenced for his failure to appear (case # 85-13491) and was given four years probation to run concurrently with the community control sentence of count two of case # 85-10599.
On September 10, Jacobs was charged in circuit court case # 86-11868 with conspiracy to commit strong-armed robbery, conspiracy to commit grand theft auto, grand theft auto, and robbery. These charges resulted from an incident involving an assault on Doreen Munoz outside a 7-11 store on August 21. On October 13, 1986, an affidavit was filed alleging that Jacobs had violated his community control sentence in case # 85-10599 and his probation sentence in case # 85-13491 because he had failed to report and had committed the offenses related to the August 21 incident involving Munoz.
On December 12, 1986, Jacobs pled guilty to both alleged violations. The sentencing guidelines scoresheet identifies the offense charged in case # 85-10599 as the primary offense and lists as additional offenses those charged in cases # 85-13491 and # 86-11868. The presumptive range is five and one-half to seven years. Judge Coe sentenced Jacobs to fifteen years on count two of case # 85-10599 and five years for the offenses in case # 85-13491, the sentences to run consecutively. In his written order, Judge Coe explained that he was departing from the recommended guidelines sentence because of the serious injuries inflicted on the victim, Doreen Munoz, the use of excessive force, the fact that Jacobs committed an egregious offense while on probation and was a menace to society, and that the range of recommended sentences did not provide adequate time for rehabilitation.
On February 20, 1987, a trial was held in case # 86-11868. The trial judge granted the defendant's oral motion for judgment of acquittal as to counts one, two, and three. The jury found Jacobs guilty of count four  robbery. The presumptive guidelines range was five and one-half to seven years' imprisonment. Judge Graybill orally imposed a sentence of ten years' imprisonment, but the written sentence indicates fifteen years. The judge listed three reasons for departing from the recommended guidelines sentence: (1) Jacobs' brutal beating resulted in his victim's blindness; (2) Jacobs committed another robbery within three weeks of being released for robbery; and (3) previous attempts to rehabilitate Jacobs had failed.
*913 Jacobs challenges the revocation of his probation and upward departure sentence imposed in cases # 10599 and # 13491 in appeal no. 87-154. In appeal no. 87-1091, Jacobs challenges the trial court's departure from the recommended sentencing guidelines range. As noted, we have consolidated these appeals for review.
The first issue we address is common to both appeals. Jacobs argues that the trial judge should have delayed sentencing on the revocation of probation and upward departure sentences of cases # 85-10599 and # 85-13491 until the offenses charged in case # 86-11868, which were pending before the court, could be scored in one scoresheet. We disagree. Florida Rule of Criminal Procedure 3.701(d)(1) requires a court to sentence a defendant using one scoresheet for all cases pending for sentencing. At the time Jacobs was sentenced for his violations of probation and community control in cases # 85-10599 and # 85-13491, case # 86-11868 was pending for trial, not sentencing, and at the time Jacobs was sentenced for the robbery in case # 86-11868, a sentence had already been imposed for the violations of probation and community control. The trial court does not have to wait to sentence a defendant to see if that defendant will be convicted of other crimes.
Next, we consider Jacobs' argument that the upward departure sentence he received in case # 85-10599 is improper because the court departed based on the offenses charged in case # 86-11868, offenses for which, at the time of the sentencing hearing, he had not yet been tried. We agree. Florida Rule of Criminal Procedure 3.701(d)(11) states:
Reasons for deviating from the guidelines shall not include factors relating to prior arrests without conviction. Reasons for deviating from the guidelines shall not include factors relating to the instant offenses for which convictions have not been obtained.
Here, Jacobs had pled not guilty to all four counts alleged in case # 86-11868. We believe that it is improper for the court to base a departure sentence on unproved allegations for which a trial is pending.
We, therefore, find the reasons listed for departure in cases # 85-10599 and # 85-13491 to be invalid, and the defendant must be resentenced within the recommended range of sentences under the guidelines.
In appeal no. 87-1091, Jacobs raises two additional issues concerning his sentencing for the robbery in case # 86-11868. He argues, and the state concedes, that the written sentence, indicating a fifteen-year term, does not comport with the judge's oral pronouncement at the sentencing hearing of ten years. On remand, this error must be corrected.
Jacobs argues that his ten-year sentence is a departure from the presumptive guidelines range of five and one-half to seven years and that the three reasons Judge Graybill listed are invalid. We disagree and find all are valid. First, we think the savage beating sustained by the victim in the strong-armed robbery (which resulted in the victim's legal blindness in one eye) constituted a clear and convincing reason to justify departure. Lerma v. State, 497 So.2d 736 (Fla. 1986) (excessive brutality constituted clear and convincing reason to depart for sexual battery through use of slight force).
Jacobs' commission of the robbery within three weeks of his release from prison for robbery is also a valid reason to depart. Citing Williams v. State, 504 So.2d 392 (Fla. 1987), the Florida Supreme Court explained in Tillman v. State, 525 So.2d 862 (Fla. 1988) (offense committed four months after release) that this reason represents an aspect of prior criminal record which is not already factored into the guidelines scoresheet. See Franks v. State, 502 So.2d 1369 (Fla. 2d DCA 1987) (offense committed two months after community control imposed following probation violation); Bass v. State, 496 So.2d 880 (Fla. 2d DCA 1986) (same offense committed six weeks after release from prison).
We think the third reason for departure, that previous attempts to rehabilitate *914 the defendant had failed, is valid in that we recognize that the underlying concern of the trial judge was that Jacobs had been on probation and on community control before and had violated both. We agree with the State that Jacobs' violation of probation and community control imposed in the two previous circuit court cases is tantamount to successive violations of probation, and since these violations are amply supported by the record, we find this reason is also valid. Adams v. State, 490 So.2d 53 (Fla. 1986).
Accordingly, we affirm Jacobs' convictions. We vacate the sentences and remand for resentencing within the guidelines recommended range in cases # 85-10599 and # 85-13491 and for correction of the written sentence in case # 86-11868 to reflect the court's oral sentence of ten years' imprisonment.
CAMPBELL, C.J., and PARKER, J., concur.