ON MOTION FOR REHEARING OR CLARIFICATION
PER CURIAM.
We grant the motion and substitute for the original opinion the following:
In Case No. 88-1707, the appellant was charged in an information with trafficking cocaine. Appellant pled nolo contendere and the trial court entered a judgment of guilty. The guidelines scoresheet reflects a recommended sentencing range of three and one-half to four and one-half years of incarceration. In his plea, the appellant •entered an agreement with the state for a sentence of three years in the Department of Corrections as a youthful offender followed by two years of community control. The trial court adjudged the appellant as a youthful offender. On September 6, 1988, it sentenced the appellant to three years of incarceration followed by one and one-half years on community control. Two days later, the trial court entered an order imposing adult sanctions, but did not purport to change its previous judgment, sentence and order which placed the appellant on community control.
On March 29,1989, a violation of community control affidavit and warrant were filed against the appellant. They were based on the fact that the appellant was charged in an information with introduction of contraband in prison and possession of cocaine in Case No. 89-583. The appellant pled nolo contendere to the charges. He was adjudged guilty and sentenced to fifteen years of imprisonment on the introduction of contraband in prison charge, and five years of imprisonment on the possession of cocaine charge, to run concurrently.
The trial court revoked the appellant’s community control in Case No. 88-1707. In its oral pronouncement, it sentenced the appellant to twelve years imprisonment, to run concurrent with the sentences in Case No. 89-583, saying it would give appellant credit for time served. The state stated that the appellant was only entitled to credit from the date of his arrest on the charges in Case No. 89-583 because he was serving an active sentence in another case, and the trial court responded, “Right.” The written order reflects a sentence of twelve months imprisonment, to run concurrent with the sentences in Case No. 89-583, with 111 days credit for time served.
The guidelines scoresheet gives two reasons for the sentencing departure: egregious violation and lack of rehabilitation. At the sentencing hearing, on June 30, 1989, the trial court said that it was considering a departure sentence because the appellant’s offenses were egregious, the appellant had not been rehabilitated, and that he had no regard for the system, stating that it would enter a special order giving its reasons for sentencing departure. On July 12,1989, it entered an order for departure which gives the following reasons for sentencing departure:
1.) That this Defendant committed an egregious violation of bringing contraband, to wit: Cocaine, into a D.O.C. detention center while being on furlough and/or work release, and the offense was committed just prior to the Defendant being placed on Community Control. See Franks v. State, 502 So.2d 1369 (Fla. 2d DCA 1987).
2.) That the Defendant knowing he was to be placed on Community Control and in effect to be released from formal incarceration, failed to heed the need to be a “model inmate” while awaiting this release. Defendant has not shown respect or appreciation for Probation or Control and their purposes.
3.) That this Defendant has not displayed a positive behavior pattern amenable to previous rehabilitation efforts.
We can only consider the two reasons which the trial court wrote upon the score-sheet, not the additional reason added later. See Pittman v. State, 572 So.2d 29 (Fla. *818 4th DCA 1990); see also Jordan v. State, 562 So.2d 820 (Fla. 4th DCA), rev. denied, 569 So.2d 1279 (Fla.1990).
At issue are the sentences arising out of the violation of community control, Case No. 88-1707, and out of the acts which constituted the violation, Case No. 89-583.
Realizing the trial court had only the benefit of case law as of the date of sentencing, it erred in the first case by (a) sentencing appellant beyond that authorized by the youthful offender act, see State v. Watts, 558 So.2d 994 (Fla.1990); (b) departing from the guidelines, see Lampert v. State, 545 So.2d 838 (Fla.1989), and Brown v. State, 569 So.2d 1223 (Fla.1990); and (c) not giving appellant credit for time served on the original sentence, see State v. Green, 547 So.2d 925, 926 (Fla.1989). Accordingly, we reverse the sentence in Case No. 88-1707 and remand with direction to resentence appellant in accordance with the above authority. We are unable to determine with certainty the amount of credit and urge the trial court to make its independent determination.
As for the second case, one of the two reasons for departure is valid under the circumstances of this case; namely, egregiousness. See Simmons v. State, 570 So.2d 1383 (Fla. 5th DCA 1990). The proscription of Lampert has no application to this sentence, which we affirm.
GLICKSTEIN, WARNER and GARRETT, JJ., concur.