PER CURIAM.
Larry Horton seeks a ■writ of habeas corpus.[1] We grant the writ because the trial court’s reason for its departure from the sentencing guidelines is invalid.
In 1985, respondent State of Florida charged Horton with two counts of lewd and lascivious conduct in case number CFM85-165. Horton pled guilty to one of these counts.[2] The trial court withheld adjudication and placed Horton under community control for two years followed by five years of probation.
On July 13, 1988, Horton was arrested on an unrelated matter in Broward County. He subsequently pled guilty to four counts of lewd and lascivious conduct. The trial court sentenced him to fifteen years in prison.
On July 15, 1988, the State charged Horton in Monroe County with a violation of probation in case number CFM85-165 for the 1988 arrest in Broward County. It also lodged a detainer against Horton on June 8, 1989 while he served his fifteen year sentence in Broward County. Horton completed his Broward county sentence on December, 31, 1994 after having served 2028 days or approximately five and one-half years. He was then returned to Monroe County for the 1988 probation violation.
In Monroe County, Horton served seventy-six days from December 31, 1994 to March 16, 1995. On March 16, 1995, he entered an admission of violation of probation for his 1988 arrest and the trial court revoked his probation, adjudicated him guilty of lewd and lascivious conduct in case number CFM85-165, and placed him under community control for three months, to be followed by ten years of probation.[3]
On October 7, 1999, Horton was arrested in Monroe County for yet another violation of probation and the State charged him with downloading child pornography. In that proceeding, the trial court granted Horton’s motion to suppress the evidence and thus, Horton was not convicted of this separate charge.
On September 13, 2002, the trial court held a sentencing hearing to determine Horton’s sanction for his second violation of probation in case number CFM85-165. The trial court determined that Horton had accumulated 158 points for his criminal conduct. This placed him in the first cell in the sentencing guidelines — any non-state prison sanction. The trial court entered an upward departure sentence on September 25, 2002 of fifteen years of incarceration and relied upon Horton’s failure to rehabilitate as the only reason for the departure sentence.
The prohibition against ex post facto laws has been recognized by the Florida Constitution.[4] The court must apply the laws in effect at the time in which the crime was committed to the case before it. Allen v. State, 383 So.2d 674, 675 (Fla. 5th DCA 1980); Castle v. State, 330 So.2d 10, 11 (Fla.l976)(defendant not entitled to be *506 sentenced under later enacted law which reduced maximum penalty for his crime). In this case, at the time in which Horton committed the offense in case number CFM85-165, the failure to rehabilitate standing alone was a valid reason to depart from the sentencing guidelines. See Burgess v. State of Florida, 491 So.2d 1167, 1168 (Fla. 2d DCA 1986). However, rule 3.701(d)(11), Florida Rules of Criminal Procedure (1983), in effect at the time in which the instant offense was committed, prohibits departures when the reasoning depends on offenses for which convictions have not been obtained.
In this case, the trial court judge based his reasoning for the departure sentence on Horton’s failure to rehabilitate. He explained that Horton “went from looking at pornographic magazines and videos to becoming an expert on internet child pornography and where to obtain it.” Horton, however, was not convicted of downloading child pornography. The trial court’s reason for the departure sentence is thus invalid.
The trial court, however, was correct in twice increasing the guideline cells, one cell for each violation of probation, without providing a reason. Rule 3.701(d)(14), Florida Rules of Criminal Procedure, permits a sentence imposed after revocation of probation to be increased to the next cell and does not require a reason for the departure sentence. The Florida Supreme Court interpreted the rule to mean that the trial court may bump up one cell for each violation of probation. See Williams v. State, 694 So.2d 273, 275 (Fla.1992). Consequently, the maximum legal sentence Horton could have received without requiring a reason for the departure was three and one-half years of incarceration.
During the September 13, 2002 hearing, the trial court awarded Horton credit for 1159 days served.[5] Horton has thus been incarcerated far in excess of three and one-half years, and is now serving an illegal sentence.
We therefore grant habeas corpus relief and remand the case for further proceedings consistent with this opinion.

. He also appeals from an order of probation revocation and sentence of imprisonment in case number 3D02-2838. That appeal is now moot.

. The State nolle pressed the second count.

. On September 13, 1995, Horton filed a motion for writ of coram nobis and/or motion for post conviction relief and/or motion to correct illegal sentence and/or motion to set aside and vacate plea and/or conviction. The trial court denied Horton's motion and Horton appealed that denial to this Court which per curiam affirmed Horton’s judgment and sentence. The Florida Supreme Court likewise later affirmed the judgment and sentence.

.Fla. Const, art. 10, § 9.

. The transcript of the sentencing hearing and the trial court's minutes indicate this credit. The sentencing scoresheet, however, awards Horton only 480 days.