SCHWARTZ, Judge.
The defendant was given a pre-Villery[1] sentence of three years in the state prison to be followed by two years probation. He was released after serving only two years and two months of the three year term. In the order now under review, the trial court rejected the state’s position that the defendant was “on parole” for the remaining ten months and began the probationary term only at the conclusion of the full three years. Instead, it held that the two years of probation commenced upon Tavel’s release and accordingly dismissed as untimely an application to revoke his probation which was commenced more than two years later, although within five years of the original sentence. See Carpenter v. State, 355 So.2d 492 (Fla. 3d DCA 1978). We agree with that conclusion and affirm. See Section 947.24, Florida Statutes (1977); Villery v. Florida Parole and Probation Commission, 396 So.2d 1107, 1111 (Fla.1981); but cf. Lewis v. State, 402 So.2d 482 (Fla. 2d DCA 1981).
Affirmed.

. Villery v. Florida Parole and Probation Commission, 396 So.2d 1107 (Fla.1981).