419 So.2d 752 (1982)
Walter Lee JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 81-2529.
District Court of Appeal of Florida, Second District.
September 22, 1982.
Jerry Hill, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael A. Palecki, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Defendant Walter Lee Johnson appeals from a final order revoking his probation.
On February 17, 1975, defendant was adjudged guilty of aggravated assault and aggravated battery and was sentenced to concurrent five-year terms of imprisonment. On March 4, 1975, he was found guilty of both forcing and conspiring to force one to become a prostitute. For these offenses he was placed on concurrent three-year terms of probation to begin at the expiration of the five-year prison sentence. Defendant began his prison sentence on February 17, 1976, and was placed on parole on January 31, 1978. His parole expired on January 31, 1980.
On April 2, 1981, defendant's probation officer executed an affidavit alleging three violations of probation. On November 20 the trial court found defendant in violation of his probation and sentenced him to concurrent five-year prison terms on the prostitution offenses. This appeal ensued.
Defendant's only argument is that his term of probation began from the day he was placed on parole and expired prior to his being charged with a violation of his probation. If this were true, the court would have been without jurisdiction to entertain proceedings for revocation. Bouie v. State, 360 So.2d 1142 (Fla. 2d DCA 1978). We disagree, however, with defendant because a person cannot be on probation and parole at the same time, as probation and parole have separate identities and must be treated separately. See Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla. 1981); Lewis v. State, 402 So.2d 482 (Fla. 2d DCA 1981). Thus, defendant's term of probation began on January 31, 1980, when his parole expired, not when he was released on parole from prison.
Defendant cites State v. Tavel, 407 So.2d 953 (Fla. 3d DCA 1981), to support his argument that his probation began immediately upon release from prison and not upon termination of parole. In Tavel the defendant's probation began immediately upon his release from prison. There, however, it is not clear whether the defendant was actually on parole when his probation commenced. Thus, we do not believe our decision is in conflict with Tavel.
*753 Accordingly, we hold that the trial court had jurisdiction, and we affirm the revocation of defendant's probation and the sentence imposed by the trial court.
GRIMES, Acting C.J., and SCHOONOVER, J., concur.