SCHEB, Judge.
Michael Allen Mackin appeals from the judgments and sentences imposed in respect to his convictions for various offenses. We have examined the points he raises in these four appeals. We find merit only in his contentions as to when his probation commenced in Circuit Court Case Nos. 80-6385 and 80-8505; and the trial court’s failure to follow the statutory procedures in determining whether to sentence him as an habitual offender and its failure to give him credit for time served in Circuit Court Case No. 81-11683.
Mackin was placed on five-years concurrent probation in 80-6385 and 80-8505. These sentences of probation were consecutive to terms of imprisonment imposed in 80-2397 and 81-11683. In 80-6385 and 80-8505 the sentence provided that Mackin’s probation was to “begin upon release from prison,” the trial judge having mentioned in court that “the exact date that he is paroled is the exact date that probation starts.” A defendant cannot be on probation and parole at the same time; therefore, Mackin’s probation cannot start until he completes his sentences in 80-2397 and 81-11683. See Johnson v. State, 419 So.2d 752 (Fla. 2d DCA 1982).
In No. 81-11683 Mackin was sentenced as an habitual offender without the court following the procedures set out in section 775.084, Florida Statutes (1981). Further, the court failed to give Mackin credit for time served prior to his sentence as required by section 921.161(1).
Accordingly, we affirm Mackin’s convictions in each case but vacate the sentences as indicated above. We remand for resen-tencing at which time the defendant shall be entitled to be present.
OTT, C.J., and SCHOONOVER, J., concur.