434 So.2d 20 (1983)
Donnie THOMAS a/K/a Donnie Thompson, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1258.
District Court of Appeal of Florida, Second District.
July 1, 1983.
*21 Jerry Hill, Public Defender, Bartow, and Robert F. Moeller, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant correctly contends that his probation could not be revoked for conduct occurring when he was not on probation.
On February 11, 1977, the court sentenced appellant to ninety-nine years in prison, with the sentence to be suspended after fifteen years and appellant to be on probation thereafter for life. Appellant was paroled in 1980. An affidavit for violation of probation was filed on February 12, 1982, predicated upon appellant's conduct while he was on parole. The court found appellant guilty of violating probation and sentenced him to fifteen years imprisonment.
A person cannot be on parole and probation at the same time. See Villery v. Florida Parole & Probation Commission, 396 So.2d 1107 (Fla. 1981); Lewis v. State, 402 So.2d 482 (Fla. 2d DCA 1981). In Johnson v. State, 419 So.2d 752 (Fla. 2d DCA 1982), this court explained that in the case of a prison sentence followed by probation where the prisoner is later paroled, his term of probation does not commence until the expiration of his parole.
Since appellant's term of probation had not yet commenced at the time of his offending conduct, his probation was improperly revoked. Accordingly, we reverse the order of revocation. Nothing herein shall preclude appellant from attacking his original sentence as being in violation of Villery. See Noles v. State, 407 So.2d 370 (Fla. 2d DCA 1981).
OTT, C.J., and BOARDMAN, J., concur.