437 So.2d 232 (1983)
STATE of Florida, Appellant,
v.
Vendul Oliver STAFFORD, Appellee.
Vendul Oliver STAFFORD, Appellant,
v.
STATE of Florida, Appellee.
Nos. 82-708, 82-891.
District Court of Appeal of Florida, Fifth District.
September 15, 1983.
Jim Smith, Atty. Gen., Tallahassee, and Shawn L. Briese, Asst. Atty. Gen., Daytona Beach, for appellant in No. 82-708 and appellee in No. 82-891.
James B. Gibson, Public Defender, Michael S. Becker, Asst. Public Defender, and Brian R. Hanson, Certified Legal Intern, Daytona Beach, for appellee in No. 82-708 and appellant in No. 82-891.
FRANK D. UPCHURCH, Jr., Judge.
Two cases have been consolidated for appeal. In number 82-708, the state appeals from an order dismissing a burglary count of the information. In number 82-891, Stafford appeals from an order revoking his probation.
*233 On February 25, 1977, Stafford was charged with grand theft and burglary of a structure. He was convicted and adjudicated guilty. On the burglary charge he was sentenced to five years. On the grand theft charge, he was placed on probation to run consecutively with the sentence on the burglary charge.
On January 15, 1982, an affidavit of violation of probation was filed alleging, among other charges, that Stafford had burglarized an Army/Navy store. Stafford pleaded no contest to this burglary charge and was sentenced to thirty months imprisonment. Stafford's probation stemming from the grand theft conviction was also revoked.
Prior to entering his plea on the violation of probation charge, Stafford filed a motion for post-conviction relief alleging that the burglary count of the information in the prior case was fatally defective in that it failed to allege that he entered or remained in the structure without the consent of the owner. The motion was granted and the judgment and sentence as to the burglary charge was set aside.
As to the dismissal of the burglary count, we find that the court erred and accordingly reverse. The motion to dismiss was apparently granted in reliance on Hicks v. State, 407 So.2d 252 (Fla. 5th DCA 1981), wherein this court held that nonconsent to entry is an essential element of the crime of burglary. However, in State v. Hicks, 421 So.2d 510 (Fla. 1982), the supreme court quashed the decision of this court, holding that consent to entry is an affirmative defense to burglary rather than an essential element of the offense. Thus, the burglary count of the information was not fatally defective and should not have been dismissed.
Regarding the revocation of probation, we find no error and affirm. Stafford argues that the trial court had no authority to revoke his probation because, at the time of the alleged violation, he was on parole, and not probation. Citing Villery v. Florida Parole & Probation Com'n, 396 So.2d 1107 (Fla. 1980), Stafford contends that a person cannot be on parole and probation at the same time, as probation and parole have separate identities and must be treated separately. Stafford also points to Johnson v. State, 419 So.2d 752 (Fla. 2d DCA 1982), wherein the Second District held that the defendant's term of probation began when his parole expired, not when he was released on parole from prison. We note that in the more recent decision of Thomas v. State, 434 So.2d 20 (Fla. 2d DCA 1983), the Second District has agreed with Stafford's contention. Citing Villery and its earlier decision in Johnson, the Second District has held that probation cannot be revoked for misconduct while on parole and before the probation term had begun.
Stafford concedes, however, that a line of cases, primarily from the Fourth District, supports the state's position that probation may be properly revoked for misconduct even though the probationary term has not yet begun. This issue was first addressed in Martin v. State, 243 So.2d 189 (Fla. 4th DCA 1971), wherein the court stated:
The question here is whether a defendant probationer can, with impunity, engage in a criminal course of conduct (or for that matter any course of conduct which is essentially contrary to good behavior) during the interval between the date of an order of probation and some subsequent date when the probationary term is to commence. We think not. To hold otherwise would make a mockery of the very philosophy underlying the concept of probation, namely, that given a second chance to live within the rules of society and the law of the land, one will prove that he will thereafter do so and become a useful member of society. Cf. McNeely v. State, Fla.App. 1966, 186 So.2d 520. Although the statute empowers the court to revoke probation when a probationer has violated a condition of his probation in a material respect, the power to revoke probation is an inherent power of the trial court, Bronson v. State, 1941, 148 Fla. 188, 3 So.2d 873, which may be exercised at anytime upon the court determining *234 that the probationer has violated the law. State ex rel. Roberts v. Cochran, [140 So.2d 597 (Fla. 1962)]. Under the exercise of such inherent power, the court can revoke an order of probation, the term of which has not yet commenced, should the court determine that the defendant probationer has been guilty of misconduct occurring subsequent to the entry of the order of probation.
Id. at 190-191. This holding has been consistently followed by the Fourth District, see, e.g., Caudillo v. State, 400 So.2d 122 (Fla. 4th DCA 1981); Kimble v. State, 396 So.2d 815 (Fla. 4th DCA 1981); Bracey v. State, 381 So.2d 370 (Fla. 4th DCA 1980); Hart v. State, 364 So.2d 544 (Fla. 4th DCA 1978), and has been adopted by the Third District. Williamson v. State, 388 So.2d 1345 (Fla. 3d DCA 1980).
We believe the course taken by the Fourth District is correct. As we observed in Bentley v. State, 411 So.2d 1361 (Fla. 5th DCA 1982), probation is a matter of grace. It must adequately protect the public and punish the wrongdoer, and is usually considered a sufficient alternative by the sentencing judge only if the accused complies with the conditions and limitations upon his usual freedom. We therefore conclude the trial court was correct in revoking Stafford's probation.
Case No. 82-708 REVERSED and REMANDED.
Case No. 82-891 AFFIRMED.
COBB and COWART, JJ., concur.