SCHEB, Acting Chief Judge.
John Smith Simmons challenges the trial court’s final orders revoking and modifying his probation.
In 1979 defendant Simmons was adjudicated guilty of five counts of dealing in stolen property. The court placed him on concurrent seven-year periods of probation for each charge. This probation was “to commence upon [defendant’s] release from prison” on a separate unrelated offense, for which defendant had been sentenced to four years imprisonment.
Defendant was paroled from prison on December 2, 1981, with his parole to expire on May 21, 1983. On December 21, 1982, affidavits were filed charging defendant with violating probation. The trial court subsequently revoked his probation on one count and modified probation on the four remaining counts. This appeal ensued.
In sentencing Simmons, the trial judge stated that his probation was to commence upon his release from prison. In Johnson v. State, 419 So.2d 752 (Fla. 2d DCA 1982), petition for review denied, 427 So.2d 737 (Fla.1983), we explained that in such an instance the defendant’s term of probation does not commence until the expiration of his parole. Here, as in Johnson, the trial judge clearly indicated that defendant’s term of probation was to be treated separately, and, therefore, he could not be on parole and probation at the same time. Thus, Simmons is in the same position as the defendant in Johnson, and his probation could not begin until his parole expired on May 21, 1983.
At the time the affidavits were filed charging Simmons with a probation violation, his term of probation had not yet commenced. Therefore, the trial court could not revoke or modify his probation. See Thomas v. State, 434 So.2d 20 (Fla. 2d DCA 1983).
Accordingly, we reverse the orders revoking and modifying defendant’s probation.[1]
SCHOONOVER and LEHAN, JJ., concur.

. In light of our holding, we do not need to address defendant’s remaining point on appeal.