PER CURIAM.
On August 11, 1982, the defendant entered pleas of guilty to charges in four criminal cases pending against her, bearing circuit court case numbers 82-4290, 82-4494, 82-4493, and 82-4256. In case no. 82-4493 the defendant received three years probation to run consecutively to concurrent probation periods of seven years imposed in two of the other three cases.
On March 2, 1983, an affidavit of violation of probation was filed with respect to all four cases. An order was entered revoking probation in all four cases, and in case no. 82-4493 the defendant was sentenced to ninety-nine years imprisonment on one count and fifteen years imprisonment on the other count, to run concurrently-
The defendant challenges the revocation of her probation in case no. 82-4493 on the ground that her probation in that case had not begun at the time of the conduct found to constitute a violation of probation. We agree and reverse the order to the extent that it revokes probation in case no. 82-4493. To hold otherwise would allow consecutive terms of probation to be given concurrent effect. Thomas v. State, 434 So.2d 20 (Fla. 2d DCA 1983). Further, we certify that our decision is in direct conflict with the decisions of our sister courts in State v. Stafford, 437 So.2d 232 (Fla. 5th DCA 1983), Williamson v. State, 388 So.2d 1345 (Fla. 3d DCA 1980), and Martin v. State, 243 So.2d 189 (Fla. 4th DCA 1971).
REVERSED and REMANDED.
BOARDMAN, A.C.J., and GRIMES and DANAHY, JJ., concur.