455 So.2d 385 (1984)
Vendul Oliver STAFFORD, Petitioner,
v.
STATE of Florida, Respondent.
No. 64394.
Supreme Court of Florida.
August 30, 1984.
James B. Gibson, Public Defender and James R. Wulchak, Chief, Appellate Div., Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for petitioner.
*386 Jim Smith, Atty. Gen. and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for respondent.
McDONALD, Justice.
We have for review State v. Stafford, 437 So.2d 232 (Fla. 5th DCA 1983), because of conflict with Thomas v. State, 434 So.2d 20 (Fla. 2d DCA 1983), and Johnson v. State, 419 So.2d 752 (Fla. 2d DCA 1982), review denied, 427 So.2d 737 (Fla. 1983). We have jurisdiction under article V, section 3(b)(3) of the Florida Constitution and approve Stafford.
In 1977 the trial court sentenced Stafford to five years' imprisonment for burglary and to five years' probation for grand theft, with the term of probation to run consecutively with the burglary sentence. After Stafford's release on parole from the burglary sentence, the state filed an affidavit alleging, among other violations, that he had violated his grand theft probation by burglarizing a store. Stafford pleaded no contest to that burglary and received a thirty-month sentence. He later pleaded no contest to the probation violation charge while reserving the right to appeal the trial court's ruling that his probation could be revoked for misconduct while on parole.
Stafford claims that a defendant's probation is improperly revoked where, at the time of the offending conduct, the term of probation had not commenced because he was still serving a prior sentence to which his probation was to run consecutively. The district court, rejecting this contention, affirmed the revocation of probation. While acknowledging conflict with Thomas and Johnson, the district court reasoned that the trial court must be free to revoke probation at any time for misconduct which demonstrates the probationer's unfitness for probation as a sentencing alternative. We agree and approve the decision under review.
Stafford relies on Thomas and Johnson, but, just as the fifth district did in its opinion, we prefer and cite approvingly from Martin v. State, 243 So.2d 189 (Fla. 4th DCA), cert. denied, 247 So.2d 63 (Fla. 1971), as follows:
The question here is whether a defendant probationer can, with impunity, engage in a criminal course of conduct (or for that matter any course of conduct which is essentially contrary to good behavior) during the interval between the date of an order of probation and some subsequent date when the probationary term is to commence. We think not. To hold otherwise would make a mockery of the very philosophy underlying the concept of probation, namely, that given a second chance to live within the rules of society and the law of the land, one will prove that he will thereafter do so and become a useful member of society. Cf. McNeely v. State, Fla.App. 1966, 186 So.2d 520. Although the statute empowers the court to revoke probation when a probationer has violated a condition of his probation in a material respect, the power to revoke probation is an inherent power of the trial court, Bronson v. State, 1941, 148 Fla. 188, 3 So.2d 873, which may be exercised at anytime [sic] upon the court determining that the probationer has violated the law. State ex rel. Roberts v. Cochran, [140 So.2d 597 (Fla. 1962)]. Under the exercise of such inherent power, the court can revoke an order of probation, the term of which has not yet commenced, should the court determine that the defendant probationer has been guilty of misconduct occurring subsequent to the entry of the order of probation.

Id. at 190-191. This holding has been consistently followed by the Fourth District, see, e.g., Caudillo v. State, 400 So.2d 122 (Fla. 4th DCA 1981); Kimble v. State, 396 So.2d 815 (Fla. 4th DCA 1981); Bracey v. State, 381 So.2d 370 (Fla. 4th DCA 1980); Hart v. State, 364 So.2d 544 (Fla. 4th DCA 1978), and has been adopted by the Third District. Williamson v. State, 388 So.2d 1345 (Fla. 3d DCA 1980).
Stafford, 437 So.2d at 233-34.
We find that Stafford's consecutive probation term was subject to revocation *387 upon his release from prison on the original burglary offense. The trial court could properly find that Stafford had violated the terms of his probation by committing a burglary while on parole for the separate offense. Accordingly, we approve the decision under review and disapprove Thomas and Johnson to the extent of conflict with this opinion.[*]
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, EHRLICH and SHAW, JJ., concur.
NOTES
[*] We agree with that part of Thomas that holds that a person cannot be on parole and probation at the same time provided that this statement is made in reference to the same offense. But that proposition has no application when there are two separate offenses for which two sentences may be imposed. In those circumstances it is possible to have a prison sentence from which parole may be available and also have probation imposed. Under those circumstances parole and probation may coexist.