DANAHY, Judge.
John Russell appeals the summary denial of his motion for postconviction relief.
*367 Russell is presently serving a sentence imposed after he was found guilty of probation violations. He maintains that the trial court had no jurisdiction to consider the probation violations because they were alleged to have occurred while Russell was still under the supervision of the Department of Corrections, prior to the inception of the probationary term. We believe that the decision of the supreme court in Stafford v. State, 455 So.2d 385 (Fla.1984), supports the conclusion that the trial court had jurisdiction to rule on the violations.
Russell also alleges that the public defender who represented him at the revocation hearing was ineffective. At best, Russell has shown that counsel had only a short time to prepare for the hearing. This alone does not demonstrate that his subsequent representation was inadequate. See, e.g., Byrd v. State, 243 So.2d 1 (Fla. 3d DCA 1971).
Lastly, Russell claims that, in awarding credit for time served, the trial court shortchanged him nineteen days. The trial court failed to attach sufficient portions of the record to demonstrate that Russell is not entitled to this additional credit. Accordingly, we remand this case to the trial court with directions either to award Russell the extra nineteen days, or to support its denial with sufficient record excerpts. The order denying postconviction relief is in all other respects affirmed.
Affirmed in part, reversed in part.
SCHEB, A.C.J., and HALL, J., concur.