604 So.2d 928 (1992)
Vincent CASON, Appellant,
v.
The STATE of Florida, Appellee.
No. 91-1071.
District Court of Appeal of Florida, Third District.
September 15, 1992.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Patricia Ann Ash, Asst. Atty. Gen., for appellee.
Before HUBBART, COPE and GODERICH, JJ.
PER CURIAM.
The defendant, Vincent Cason, appeals from the trial court's order finding him in contempt of court and sentencing him to six-months imprisonment. We reverse.
The defendant entered a plea of nolo contendere to aggravated battery as a reduced charge under an information charging him with the attempted second-degree murder of his ex-wife. The trial court accepted the plea, adjudicated the defendant guilty, and sentenced him to three and one-half years in state prison, to be followed by eight-years probation. His probation included the special condition that the defendant "must not associate in any way with Marsha Reed Cason [the defendant's ex-wife]."[1]
While in prison, the defendant wrote several letters to his ex-wife. It was undisputed that the letters were of a non-threatening nature, and primarily professed his love for his ex-wife. The state requested the court to have a hearing to determine if the defendant should be found in contempt of court for violation of its order to have no contact with the victim. The trial court *929 issued a rule to show cause against the defendant as to why he should not be adjudged in contempt of court. After a hearing, the trial court found the defendant in indirect contempt of court, and sentenced him to six-months imprisonment to run consecutively to his present sentence. The defendant appeals.
The defendant contends that the trial court lacked jurisdiction to conduct contempt proceedings against the defendant for sending letters to his ex-wife while he was in prison. Based on the circumstances of this case, we agree.
It is plain that the defendant was found in indirect criminal contempt for allegedly violating a special condition of his probation  namely, that he not associate or have any contact with his ex-wife  because he wrote a number of letters to his ex-wife while in prison before the period of probation began. Where, as here, the defendant is given a split sentence of prison time followed by a probationary period and the defendant allegedly violates a condition of probation during the prison portion of the sentence before the probation begins, the trial court may revoke the defendant's probation based on such violation. Stafford v. State, 455 So.2d 385, 386 (Fla. 1984) (approving Martin v. State, 243 So.2d 189 (Fla. 4th DCA) (defendant violated probation while in county jail), cert. denied, 247 So.2d 63 (Fla. 1971)); Russell v. State, 487 So.2d 366 (Fla. 2d DCA) (violation while defendant in custody of Department of Corrections), cause dismissed, 492 So.2d 1334 (Fla. 1986). See also Williamson v. State, 388 So.2d 1345 (Fla. 3d DCA 1980).
In our view, where a defendant has allegedly violated a condition of probation, the exclusive method for charging and trying this alleged violation is provided for in section 948.06, Florida Statutes (1991), rather than by indirect criminal contempt. This is so because the above statute provides in detail the exact procedure to be followed in the event a probationer allegedly violates a condition of his/her probation. If the legislature had intended to allow the use of the court's contempt power to punish a violation of probation, then section 948.06 or chapter 948 would have specifically so provided; no such provision, however, is contained in either section 948.06 or in chapter 948. On the other hand, where a defendant violates a court order which is not a condition of probation, the court may be authorized to enforce the order through the contempt power. See, e.g., R.M.P. v. Jones, 419 So.2d 618 (Fla. 1982), quashed in part on other grounds, A.A. v. Rolle, 604 So.2d 813 (Fla. 1992).
The final judgment of conviction and sentence for indirect criminal contempt is reversed and the cause is remanded to the trial court with directions to discharge the defendant from this cause. This disposition, however, shall be without prejudice for the state to institute violation of probation proceedings against the defendant under section 948.06, Florida Statutes (1991).
Reversed and remanded.
NOTES
[1] During the lengthy plea colloquy, it was made abundantly clear to defendant that this condition of probation meant defendant was not to contact his former wife in any shape, form, or fashion. Defendant pled nolo contendere to having stabbed his then-wife, who subsequently divorced him. The requirement for no contact by the defendant with the former wife was an important condition of the plea agreement itself, for obvious reasons, and was explained at length at the time the plea was taken and sentence was imposed.