705 So.2d 966 (1998)
John Brennan CRUTCHLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 97-488.
District Court of Appeal of Florida, Fifth District.
January 23, 1998.
Kurt Erlenbach of Erlenbach & Erlenbach, P.A., Titusville, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Kellie A. Nielan, Assistant Attorney General, Daytona Beach, for Appellee.
PETERSON, Judge.
John Brennan Crutchley appeals the imposition of a departure sentence following his violation of probation. Crutchley violated the terms of his probation just prior to his release from prison by inhaling marijuana during a party among inmates to celebrate his forthcoming release.
In 1986, Crutchley pled guilty to kidnapping, sexual battery with a deadly weapon, and two additional counts of sexual battery. The trial court departed upward from the recommended guideline sentence by sentencing Crutchley in the following manner:

Count I Kidnapping 20 years probation
Count II Sexual Battery with deadly weapon 25 years incarceration
Count III Sexual Battery 15 years probation
Count IV Sexual Battery 15 years probation

When Crutchley violated the terms of his probation, the trial court revoked the probation and departed from the guidelines a second time, imposing a life sentence for Count I, and 15 years probation for each of Counts II and IV, all to be served consecutively. Crutchley complains that the imposition of the second departure sentence was error.
In Williams v. State, 581 So.2d 144 (Fla. 1991), the defendant received a probationary sentence which he subsequently violated. The trial court revoked probation and imposed a departure sentence, supporting it with reasons that existed at the time of the original imposition of probation. The supreme court affirmed the sentence, stating:
... (S)ection 948.06(1), Florida Statutes (1987), provides that upon revoking a defendant's probation the court is authorized to impose any sentence that it might have originally imposed before placing a defendant *967 on probation. Moreover, we believe that the position advocated by Williams could have a deterrent effect on probation. A judge might be less willing to give the defendant another chance by putting him on probation if he knew that the preexisting reasons for departure could not be considered in the event the probation was violated. Thus, we hold that the court could properly impose a departure sentence for valid reasons which existed at the time he was placed on probation.
We conclude that the same reasoning set forth in Williams applies in the instant case: The trial court might have been less willing to have originally imposed some probation rather than a more lengthy prison sentence without probation, if he knew that incarceration was not an alternative upon revocation of probation.
Crutchley's contention that he could not have violated the terms of his probation while in prison and before he began serving the probation is rejected. Misconduct occurring subsequent to the entry of an order of probation permits a court to revoke probation. Stafford v. State, 455 So.2d 385 (Fla. 1984). We find no merit in the remaining points raised on appeal.
AFFIRMED.
COBB and GOSHORN, JJ., concur.