FLETCHER, Judge.
Robert Seitz appeals an order revoking his probation. We affirm.
In December 2001, Robert Seitz pled no contest to five misdemeanor counts: battery, stalking, and several violations of a previously entered injunction protecting against repeat violence. Seitz was placed on probation,[1] which included a special condition that Seitz comply with the injunction. In November 2002, the state filed an affidavit of violation of probation which alleged that Seitz engaged in stalking his victim by harassment,[2] which included publicly publishing and disseminating pharmaceutical records of the victim to various persons in Dade County. The affidavit claimed such action served no legitimate purpose and caused Seitz’ victim to suffer emotional distress. After hearing arguments and evidence from both parties, the trial court revoked Seitz’ probation and sentenced him to four years in jail.
Seitz contends first that because he did not have any direct or indirect contact with the victim, the trial court abused its discretion by finding him guilty of stalking. He argues that the stalking statute is intended to govern conduct that falls just short of assault and battery, but which involves dangerous contact between stalker and victim. Here, he argues, the record is clear that there was no such contact.
Second, Seitz argues that the trial court’s application of the stalking statute to him is a due process violation as nothing in the statute gives notice that his behavior would be considered a violation of the statute. He argues that it is unconstitutional to apply a statute to a person in a manner so vague and broad that a person of common intelligence must guess at its meaning, or speculate whether his/her behavior will subject him/her to prosecution under that statute.
Third, Seitz argues that the court had no jurisdiction to revoke the three consecutive probation terms that had not yet commenced.[3] Seitz contends that he could not have violated terms of probation that had not yet begun to run.
Contrary to Seitz’ first argument, section 784.048, Florida Statutes (2001) does not require contact, direct or indirect, with the victim. It provides in subpara-graph (2):
*423 “Any person who willfully, maliciously and repeatedly follows or harasses another person commits the offense of stalking....”
“Harass” is defined in subparagraph (l)(a):
“ ‘Harass’ means to engage in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose.”
Subparagraph (l)(b) defines “course of conduct” as:
“[A] pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose. Constitutionally protected activity is not included within the meaning of ‘course of conduct’.... ”
The statute does not require contact, direct or indirect, as a part of the offense of stalking, thus we reject Seitz’ first argument.
As to Seitz’ second (constitutional) contentions, these have previously been rejected. See Bouters v. State, 659 So.2d 235 (Fla.1995) and Pallas v. State, 636 So.2d 1358 (Fla. 3d DCA 1994), rev. granted & decision approved, 654 So.2d 127 (Fla.1995). Further analysis would serve no purpose.
Seitz bases his third argument (lack of jurisdiction) principally on State v. Hall, 641 So.2d 403 (Fla.1994), wherein the supreme court was answering the certified question:
“Whether the trial court could consider new charges in an amended affidavit of probation violation where the original affidavit was timely filed, but the amended affidavit was not filed until after the probationary period had expired because the defendant committed the alleged violation at, or near, the end of his probation period?”
The supreme court answered the question in the negative, reaffirming the longstanding rule that a court is divested of jurisdiction upon expiration of the probationary period. None of Seitz’ four consecutive probationary periods had expired prior to the process of revocation having been set in motion.
Seitz further argues that section 948.06, Florida Statutes requires that probation violations must have occurred “within the period of probation” for revocation to be available. Seitz interprets “within the period of probation” to mean within that time period between commencement of an individual consecutive probation period until that individual period’s termination. However, it is settled that the trial court is free to revoke probation at any time for misconduct that demonstrates the probationer’s unfitness for probation as a sentencing alternative. Stafford v. State, 455 So.2d 385, 386 (Fla.1984); see also Cason v. State, 604 So.2d 928, 929 (Fla. 3d DCA 1992); Martin v. State, 243 So.2d 189, 190-91 (Fla. 4th DCA 1971); Williamson v. State, 388 So.2d 1345, 1347-48 (Fla. 3d DCA 1980). Thus it was permissible to revoke the consecutive terms which had not yet commenced.
The order revoking Seitz’ probation is affirmed.

. Four consecutive terms of probation of 364 days each.

. A violation of section 784.048, Florida Statutes (2001).

.The warrant for his arrest was issued on November 25, 2002, shortly before he would have completed the first year of probation.