MONACO, J.
William H. Johnson, III, appeals the revocation of his probation and the upward departure sentence imposed by the trial court. Although we find no abuse of discretion in the revocation of Mr. Johnson’s probation, we agree that an upward departure sentence was improperly imposed.
Mr. Johnson was originally placed on probation for crimes committed in 1997, and was subject to the sentencing guidelines in place before the enactment of the Criminal Punishment Code.[1] Section 948.06(1), Florida Statutes (1997) states that if a charge is not admitted by the probationer or offender, and if the violation of probation is not dismissed, the court as soon as possible shall give the probationer or offender an opportunity to be fully heard. The statute continues:
After such hearing, the court may revoke, modify, or continue the probation or community control or place the pro *1257 bationer into community control. If such probation or community control is revoked, the court shall adjudge the probationer or offender guilty of the offense charged and proven or admitted, unless he or she has previously been adjudged guilty, and impose any sentence which it might have originally imposed or placing the probationer or offender on probation or into community control.
(Emphasis added).
Thus, the trial court could have sentenced Johnson to any sanction which it might have originally imposed prior to placing him on probation. See Crutchley v. State, 705 So.2d 966 (Fla. 5th DCA 1998). It appears from the record that Mr. Johnson scored a maximum of 35.75 months incarceration, unless there was an upward departure.
The trial judge chose to upwardly depart and sentenced Mr. Johnson to five years in prison. The departure, however, was based on conduct of the appellant that was not related to the probation violation, was not charged in the violation documentation, and involved conduct which could have, but which had not yet resulted in a criminal conviction. An upward departure under these circumstances is improper. See State v. Varner, 616 So.2d 988 (Fla.1993).
AFFIRMED in part, REVERSED in part. Remanded for resentencing in conformity with section 948.06(1), Florida Statutes (1997).
SAWAYA, C.J., and GRIFFIN, J., concur.

. Ch. 97-194, section 1, Laws of Fla., repealed sections 921.001, 921.0011, 921.0012, 921.0013. 921.0014. 921.0015. 921.0016. and 921.005, Florida Statutes (1997), effective October 1, 1998.