980 So.2d 629 (2008)
Lawrence Xavier FREEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-2110.
District Court of Appeal of Florida, Second District.
May 9, 2008.
James Marion Moorman, Public Defender, and Douglas S. Connor, Assistant Public Defender, Bartow, for Appellant.
*630 Bill McCollum, Attorney General, Tallahassee, and Chandra Waite Dasrat, Assistant Attorney General, Tampa, for Appellee.
DAKAN, STEPHEN L., Associate Senior Judge.
Lawrence Xavier Freeman appeals his sentences of 34.5 months in the custody of the Department of Corrections. We reverse and remand for reinstatement of his original sentences.
By Affidavit, Freeman was charged with violating his probation in two cases. At a hearing, he admitted to a violation of condition twelve and his lawyer asked for reinstatement of his original probation. After determining the admission was voluntary, the following occurred:
THE COURT: What are you going to test positive for tomorrow?
THE DEFENDANT: Nothing, sir.
THE COURT: You sure, you're sure enough about that, that you're willing to risk 15 years in the Florida State Prison?
THE DEFENDANT: Sir?
THE COURT: If you go to probation tomorrow and you test positive, I'm going to sentence you to 15 years in Florida State Prison.
Now, are you going to test positive for anything?
THE DEFENDANT: No, sir.
THE COURT: I'm going to modify it and give him three days, continue him on the same terms and conditions.
Sir, you're out of your residence one more time, you don't provide them with the correct address you live at, you come in here for a dirty urine you're going to prison; do you understand me?
THE DEFENDANT: Yes, sir.
THE COURT: You report to probation tomorrow at eight a.m. and he's to be drug tested.
MR. HOWELL: Thank you, Judge.
THE COURT: If he's positive, arrest him on the spot.
(THE PROCEEDINGS CONCLUDED.)
At some point later, the cases were recalled, apparently by Freeman's attorney. After noting that the trial court had reinstated Freeman's probation, his attorney stated that as he was trying to explain the sentences to Freeman, he realized that Freeman might not be able to pass the drug test scheduled for the next day. The record then shows:
THE COURT: And he's not going to pass a drug test tomorrow?
MR. HOWELL: He may not be able to, Judge.
THE COURT: When he already told me he could. I'm tired of people lying to me.
MR. HOWELL: When I explained to him, Judge, I realized he may not be able to do so, Judge, so I'm asking for to you modify the order and give him 30 days.
THE COURT: No, I already asked him specifically if he was going to test positive tomorrow and he told me no.
THE DEFENDANT: Sir, I did it like two weeks ago so I thought it might be out of my system now. . . .
THE COURT: Too late, too late. What's he want to do becauselet me see the scoresheet.
THE DEFENDANT: Sir, it's my first violation.
THE COURT: Sir, what's he want to do? Is he going to maintainis he admitting to violating Condition 12?
MR. HOWELL: Yes, sir.
THE COURT: All right.
MR. HOWELL: He's just asking for 30 days to get clean.

*631 THE COURT: No, I'm not going to do that. I'm going to set aside his previous sentence, adjudicate him guilty. It will be 34.5 months in the Florida State Prison with credit.
Freeman's sentencing for violation of his probation was complete when the trial court continued him on probation and the proceedings concluded. At that point, jeopardy attached, and Freeman could not legally be sentenced again to harsher sentences. Ashley v. State, 850 So.2d 1265, 1267 (Fla.2003). The fact that apparently a relatively brief period of time may have passed before the cases were recalled does not affect the attachment of jeopardy, Troupe v. Rowe, 283 So.2d 857, 860 (Fla.1973), and neither does the fact that Freeman admitted that he might test positive the next day. See Obara v. State, 958 So.2d 1019, 1021 (Fla. 5th DCA 2007).
Accordingly, we reverse Freeman's sentences and remand for reinstatement of Freeman's probation as ordered by the trial court in its original disposition of the violation of probation.
Reversed and remanded with directions.
CASANUEVA and SILBERMAN, JJ., Concur.