CASANUEVA, Chief Judge.
 

 The State of Florida appeals a circuit court order dismissing a sworn affidavit charging violations of probation against John Clark Daniels. We reverse.
 

 Facts
 

 By March 2008, Mr. Daniels had completed nearly one year of a probationary term following the incarcerative portion of a split sentence imposed for a conviction of aggravated fleeing and eluding. On April 7, 2008, he was arrested for leaving the scene of an accident with property damage. He admitted this violation of proba
 
 *750
 
 tion (VOP), and on April 30, 2008, the circuit court “reinstated” his probation, modifying several conditions.
 

 Unbeknownst to the court, the prosecutor, and his probation officer, Mr. Freeman was implicated in earlier crimes that were not identified in the recently concluded VOP proceedings. On May 1, 2008, the day following his reinstatement to probation, Pasco County sheriffs deputies arrested Mr. Daniels for burglary and grand theft that had occurred on March 9, 2008. Later in May, they arrested him again for an armed burglary that had occurred on March 16, 2008. A new affidavit of VOP was then filed and subsequently amended to allege VOPs based on the March 2008 crimes. Because the affidavit charged violations occurring before he was “reinstated” on April 30, 2008, Mr. Daniels’ counsel moved to dismiss the pending amended affidavit of VOP, arguing that because the new charges occurred during a prior term of probation, further prosecution was barred. Counsel cited to the circuit court this court’s decision in
 
 Freeman v. State,
 
 980 So.2d 629 (Fla. 2d DCA 2008), as support for dismissing the new amended affidavit.
 

 Analysis
 

 Initially, we observe that section 948.06(2)(a), Florida Statutes (2007), provides three dispositional alternatives when a probationer admits the charged VOP: the court “may forthwith revoke, modify, or continue the probation.” Although the statute does not mention “reinstate” as a fourth alternative, we determine in this case that the court’s “reinstatement” of Mr. Daniels’ probation is the equivalent of modifying or continuing it.
 

 The crux of this case is whether the outcome of the April 30, 2008, hearing was the imposition of a new term of probation or merely a continuation of the previous probation. The record conclusively shows that despite the circuit court’s loose use of the word “reinstate” to describe what it was doing to Mr. Daniels’ probation, the court had continued or modified the probation, not revoked it. The order of probation that was filed based on the April 30, 2008, hearing states at paragraph 24: “PREVIOUS SUPERVISION IS NOT REVOKED — ONLY MODIFIED.” Further, at an October 2008 VOP hearing, the circuit court stated, without dispute from defense counsel, that Mr. Daniels had never legally been removed from probation. At a subsequent hearing, defense counsel’s Freeman-based argument on jeopardy having attached at the April 30, 2008, hearing, convinced the court — wrongly—to grant the motion to dismiss.
 

 We agree with the State’s argument that it would be untenable to contend that a probationer could evade detection of a serious crime committed during a probationary term — i.e., a certain VOP — then admit subsequently to a different, perhaps technical VOP, and be shielded thereafter from a VOP charge for the earlier crime, all the while on a probationary term that was never revoked. This would reward defendants who successfully conceal their wrongdoing.
 

 Although the circuit court relied upon
 
 Freeman,
 
 980 So.2d 629, in dismissing the new amended affidavit of VOP, we find that case legally and factually distinguishable. In
 
 Freeman,
 
 the defendant admitted the VOP and assured the court that he would not test positive for illegal drugs on the following day. The court then continued him on probation, warning him that if he were to test positive or in any other way violate a condition of probation, he would be sentenced to prison.
 
 Id.
 
 at 630. A short time later on the same day, Mr. Freeman returned to the court to say, contrary to his earlier assurances, that he
 
 *751
 
 would probably test positive the next day,
 
 [1]
 
 thus anticipatorily admitting a VOP; he requested thirty days “to get clean.”
 
 Id.
 
 The court refused to grant his request, set aside his previous sentence of continued probation, adjudicated him guilty, and sentenced him to 34.5 months’ incarceration.
 
 Id.
 
 at 631.
 

 This court reversed the revocation of Mr. Freeman’s probation and prison sentence. We held that his sentencing hearing had concluded when the circuit court continued his prior probationary sentence, and it was “[a]t that point, [that] jeopardy attached, [so Mr.] Freeman could not legally be sentenced again to harsher sentences.”
 
 Id.
 
 (citing
 
 Ashley v. State,
 
 850 So.2d 1265, 1267 (Fla.2003)). The distinguishing feature of
 
 Freeman
 
 from Mr. Daniels’ case is that the circuit court in
 
 Freeman,
 
 upon Mr. Freeman’s anticipatory admission of VOP, revoked his probation and ordered a harsher sentence without having before it a new sworn affidavit or proof of VOP. In Mr. Daniels’ case, he never anticipatorily admitted the new VOP charges, and the State had filed a new sworn affidavit of VOP that was before the court. The court in
 
 Freeman
 
 added an uncharged VOP onto a previously filed, admitted, and disposed of VOP charge.
 
 See also Gearhart v. State,
 
 885 So.2d 415, 416 (Fla. 5th DCA 2004) (stating that a court “may enhance or extend probation during the probationary period following a hearing and upon proof of a violation. However, in the absence of a noticed hearing and such proof, an extension of the probationary term violates the double jeopardy prohibition against multiple punishments for the same offense.”). In contrast, in Mr. Daniels’ case, an entirely new violation of probation proceeding was commenced in the proper way — with a new sworn affidavit of VOP during a probationary period that was still ongoing, a probationary term that had never been completed, revoked, or terminated in any way.
 

 We reverse the circuit court order dismissing the sworn amended affidavit of VOP alleging the March 2008 arrests and remand with directions to reinstate that affidavit and for further VOP proceedings.
 

 KELLY and CRENSHAW, JJ., Concur.
 

 [1]
 

 . The defendant explained that he had ingested the illegal drugs about two weeks previously and thought they would be out of his system by the time of the hearing and the new drug test scheduled for the following morning.
 
 Freeman v. State,
 
 980 So.2d 629, 630 (Fla. 2d DCA 2008).