NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GARY EDWARD HENNIG,                        )
                                           )
            Petitioner,                    )
                                           )
v.                                         )        Case No. 2D15-1315
                                           )
WILLIAM G. PRUMMELL, JR., Sheriff          )
of Charlotte County, and STATE OF          )
FLORIDA,                                   )
                                           )
            Respondents.                   )
                                           )
_____)

Opinion filed July 24, 2015.

Petition for Writ of Habeas Corpus to
the Circuit Court for Charlotte County;
John L. Burns, Judge.

Kathleen A. Smith, Public Defender, and
Efren Y. Arocho, Assistant Public Defender,
Punta Gorda, for Petitioner.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Johnny T. Salgado,
Assistant Attorney General, Tampa,
for Respondents.

ORDER ON PETITION FOR WRIT OF PROHIBITION
AND FOR HABEAS CORPUS

PER CURIAM.

            Gary Edward Hennig filed in this court a petition for a writ of prohibition or

habeas corpus challenging the trial court's jurisdiction to adjudicate and sentence him

for an alleged violation of probation. For the reasons explained below, we deny Mr. Hennig's petition.

In 1984, Mr. Hennig was charged with two counts of second-degree felony grand theft. He pleaded no contest to one of the counts on August 19, 1991, in exchange for a nolle prosequi of the second count. The trial court withheld adjudication and imposed a sentence of one year of community control to be followed by ten years of probation.

On March 16, 1992, the Department of Corrections (DOC) filed an affidavit of violation of probation. Mr. Hennig pleaded no contest, and the trial court reinstated Mr. Hennig's probation on December 3, 1992.

On May 13, 1996, the DOC filed a second affidavit of violation of probation. Mr. Hennig admitted to violating his probation, and the trial court revoked his probation. The trial court adjudicated Mr. Hennig guilty and sentenced him to a new term of five years' probation on April 21, 1997.

On October 22, 1997, the DOC prepared a third affidavit of violation of probation, alleging that Mr. Hennig violated his probation by committing ten counts of grand theft in Ohio. The trial court signed a warrant for Mr. Hennig's arrest on October 23, 1997, and the affidavit and warrant were filed on October 24. Both documents state that the alleged violation "is evidenced and supported by a Grand Jury indictment under Case 97-CR-349 out of Lake County, Ohio." This indictment shows that the offenses occurred between August 1, 1996, and December 31, 1996, during the period of probation that the trial court revoked on April 21, 1997.

The appendix to Mr. Hennig's petition shows that he was tried in Ohio, convicted of five counts of felony theft, and sentenced to forty-four months' imprisonment. The appendix contains no information regarding Mr. Hennig's legal status after he was released from prison in Ohio until May 22, 2014, when he was arrested in Brevard County on the warrant that was signed and filed in October 1997. He has been held without bond since that day.

Mr. Hennig filed a motion to dismiss the violation of probation affidavit and warrant, arguing that because the DOC alleged a violation for acts that occurred during the term of probation that was revoked on April 21, 1997, the trial court lacked jurisdiction to adjudicate the violation. The trial court denied Mr. Hennig's motion, and he filed his petition in this court.

## Petition for writ of prohibition

A writ of prohibition issues when a court or tribunal is acting or threatening to act outside or in excess of its jurisdiction. English v. McCrary, 348 So. 2d 293, 296 (Fla. 1977). The trial court's jurisdiction was invoked when "the processes of the court [were] set in motion for revocation or modification of the probation pursuant to Section 948.06, F.S." Carroll v. Cochran, 140 So. 2d 300, 301 (Fla. 1962) (emphasis omitted) (quoting State ex rel. Ard v. Shelby, 97 So. 2d 631, 632 (Fla. 1st DCA 1957)). In the present case, this process was set in motion in 1997 when the signed warrant was placed "in the hands of a proper executive officer for execution." See Boyd v. State, 699 So. 2d 295, 297 (Fla. 1st DCA 1997) (emphasis omitted) (quoting Dubbs v.

Lehman, 130 So. 36, 38 (1930)), approved, 717 So. 2d 524 (Fla. 1998).[1] The warrant signed by the trial court on October 23 and filed on October 24, 1997, was facially valid. Mr. Hennig did not argue below that it was not delivered to the proper executive official within the period of probation imposed on April 21, 1997, and the appendix does not show that it was not delivered within that time. Accordingly, Mr. Hennig did not establish that the trial court lacks jurisdiction to adjudicate his alleged violation of probation, and prohibition is not an appropriate vehicle for Mr. Hennig to obtain relief. We will therefore consider this proceeding as a petition for writ of habeas corpus.

## Petition for writ of habeas corpus

Mr. Hennig contends that because the Ohio crimes occurred during the period of probation the trial court revoked on April 21, 1997, they cannot support a violation of the new term of probation imposed that day. In support of his argument, Mr. Hennig cites language from this court's opinion in State v. Daniels, 33 So. 3d 749 (Fla. 2d DCA 2010). Mr. Daniels' probation was "reinstated" on April 30, 2008, but he was arrested on May 1, 2008, for a burglary and grand theft that occurred on March 9, 2008. Id. at 749-50. The State filed an affidavit of violation of probation based on the March 2008 crimes. Id. at 750. Mr. Daniels filed a motion to dismiss, arguing that because the charges occurred during a prior term of probation, further prosecution was barred. The circuit court granted the motion, and the State appealed. Id.

This court held that although the trial court described its disposition as reinstating Mr. Daniels' probation, the record conclusively showed that the circuit court

---

[1]The statutes have been revised, and now a warrant is issued when it is signed by a judge. § 901.02(4), Fla. Stat. (2014); see also Morgan v. State, 757 So. 2d 618, 619 n.1 (Fla. 2d DCA 2000).

continued or modified Mr. Daniels' probation. Id. We explained that section 948.06(2)(a), Florida Statutes (2007), provides only three dispositional alternatives when a probationer admits a charged violation of probation—a trial court may revoke, continue, or modify the probation. Id. Because the affidavit alleged a violation of a "probationary period that was still ongoing, a probationary term that had never been completed, revoked, or terminated in any way," this court reversed the order dismissing the affidavit of violation of probation and remanded with directions to reinstate that affidavit and for further proceedings. Id. at 751.

Mr. Hennig contends that the aspect of Daniels that distinguished a term of probation that is modified from one that is revoked holds that the State is barred from prosecuting him for his alleged violation of probation. But this court's explanation of the disposition in Daniels cannot be interpreted to mean that a trial court loses jurisdiction over a probationer when a probationer admits to violating orders of probation and the trial court revokes a term of probation.

A trial court's jurisdiction to revoke a term of probation or community control is limited by statute. Section 948.06(1), Florida Statutes (1995), states:

> Whenever within the period of probation or community control there are reasonable grounds to believe that a probationer or offender in community control has violated his probation or community control in a material respect, any parole or probation supervisor may arrest or request any county or municipal law enforcement officer to arrest such probationer or offender without warrant wherever found and forthwith return him to the court granting such probation or community control. Any committing magistrate may issue a warrant, upon the facts being made known to him by affidavit of one having knowledge of such facts, for the arrest of the probationer or offender, returnable forthwith before the court granting such probation or community control. Any parole or probation supervisor, any officer authorized to serve criminal

process, or any peace officer of this state is authorized to serve and execute such warrant.

Section 948.04(2), states: "Upon the termination of the period of probation, the probationer shall be released from probation and is not liable to sentence for the offense for which probation was allowed." The jurisdictional limitations within these statutes provide that upon the expiration of a term of probation, a trial court is "divested of all jurisdiction over the person of the probationer unless in the meantime the processes of the court have been set in motion for revocation." Slingbaum v. State, 751 So. 2d 89, 89 (Fla. 2d DCA 1999) (quoting State v. Hall, 641 So. 2d 403, 404 (Fla. 1994)).

But Mr. Hennig's probation did not expire. His term of probation was revoked, and section 948.06(1) authorized the trial court to "impose any sentence which it might have originally imposed" before it first placed Mr. Hennig on probation. By revoking Mr. Hennig's probation, the trial court was not divested of jurisdiction to sanction Mr. Hennig for the crime to which he pleaded.

Under these facts, we hold that Mr. Hennig has not established probable cause to believe that he is detained without lawful authority. See § 79.01, Fla. Stat. (2014). In Stafford v. State, 455 So. 2d 385, 386 (Fla. 1984), the supreme court held that a trial court can revoke an order of probation, even when the term of probation has not yet commenced, for acts that violate the order of probation and demonstrate the probationer is unfit for probation as a sentencing alternative. The trial court sentenced Mr. Stafford to five years' imprisonment for burglary and to five years' probation for grand theft, with the term of probation to run consecutively to the term of imprisonment. Id. at 386. While Mr. Stafford was released on parole from the burglary sentence, the State filed an affidavit alleging that he had violated his grand theft probation by

burglarizing a store. Id. Mr. Stafford pleaded no contest to that burglary and received a sentence of thirty months' imprisonment. Id. He later pleaded no contest to violating his probation while reserving the right to appeal the trial court's ruling that his probation could be revoked for misconduct while on parole. Id.

Mr. Stafford argued on appeal that his probation was improperly revoked because the term of probation had not commenced at the time of the offending conduct. The Fifth District rejected this argument and the supreme court affirmed, holding that a "trial court must be free to revoke probation at any time for misconduct which demonstrates the probationer's unfitness for probation as a sentencing alternative." Id. Both courts relied on the Fourth District's reasoning in Martin v. State, 243 So. 2d 189, 190-91 (Fla. 4th DCA 1971):

> "The question here is whether a defendant probationer can, with impunity, engage in a criminal course of conduct (or for that matter any course of conduct which is essentially contrary to good behavior) during the interval between the date of an order of probation and some subsequent date when the probationary term is to commence. We think not. To hold otherwise would make a mockery of the very philosophy underlying the concept of probation, namely, that given a second chance to live within the rules of society and the law of the land, one will prove that he will thereafter do so and become a useful member of society. Cf. McNeely v. State, Fla. App. 1966, 186 So. 2d 520. Although the statute empowers the court to revoke probation when a probationer has violated a condition of his probation in a material respect, the power to revoke probation is an inherent power of the trial court, Bronson v. State, 1941, 148 Fla. 188, 3 So. 2d 873, which may be exercised at anytime [sic] upon the court determining that the probationer has violated the law. State ex rel. Roberts v. Cochran, [140 So. 2d 597 (Fla. 1962)]. Under the exercise of such inherent power, the court can revoke an order of probation, the term of which has not yet commenced, should the court determine that the defendant probationer has been

> guilty of misconduct occurring subsequent to the entry of the order of probation."

Stafford, 455 So. 2d at 386 (quoting Martin, 243 So. 2d at 190-91).

If a trial court has inherent authority to revoke a term of probation that has not yet commenced while a person is serving a sentence for a different conviction, we see no reason why that inherent authority would not permit the trial court to revoke a term of probation that had not expired based on criminal acts committed during a prior term of probation imposed for the same offense. In both circumstances, the misconduct occurred subsequent to the entry of the orders of probation, which provided actual notice to the probationers that misconduct could result in a more severe sanction, and the criminal acts demonstrate the probationers' unfitness for probation as a sentencing alternative. Id.

We recognize that almost nineteen years have passed since Mr. Hennig committed the Ohio offenses that form the basis for his probation violation. While Mr. Hennig may have been unfit for probation in 1997, the appendix contains no information regarding Mr. Hennig's conduct subsequent to his release from incarceration in Ohio. This order should not be interpreted to preclude the trial court from exercising its discretion to consider probation or community control as sentencing alternatives if the trial court determines that such sentencing alternatives are appropriate.

Petition denied.

ALTENBERND, BLACK, and SALARIO, JJ., Concur.

- 8 -