# Third District Court of Appeal
## State of Florida

Opinion filed January 14, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-1939
Lower Tribunal No. F18-14632
_____

**Christian Rivera,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Laura Gonzalez-Marques, Judge.

Christian Rivera, in proper person.

James Uthmeier, Attorney General, and Haccord Curry, Assistant Attorney General, for appellee.

Before SCALES, C.J., and EMAS and GORDO, JJ.

PER CURIAM.

Christian Rivera appeals from an order summarily denying his motion

to terminate what he characterizes as an "injunction," prohibiting him from

having any contact with the victim in case number F18-14632. The trial court denied Rivera's motion without an evidentiary hearing. We affirm, and write to clarify the status of the two different no-contact orders entered below, and to make plain that, while serving his current prison term and his subsequent term of supervision following his release from prison, Rivera is prohibited from having any contact, direct or indirect, with the victim or the victim's family.

In July of 2018, Rivera was arrested, and was later formally charged with battery, false imprisonment and burglary of an occupied dwelling. At his first appearance, a no-contact order was issued as a condition of Rivera's pretrial release, pursuant to section 903.047, Florida Statutes (2018).[1] It

---

[1] Section 903.047(1)(b), Florida Statutes (2018) provides in pertinent part:

> (1) As a condition of pretrial release, whether such release is by surety bail bond or recognizance bond or in some other form, the defendant must:
>
> . . .
>
> (b) If the court issues an order of no contact, refrain from any contact of any type with the victim, except through pretrial discovery pursuant to the Florida Rules of Criminal Procedure. An order of no contact is effective immediately and enforceable for the duration of the pretrial release or until it is modified by the court. The defendant shall be informed in writing of the order of no contact, specifying the applicable prohibited acts, before the defendant is released from custody on pretrial release.

provided in pertinent part that Rivera "is prohibited from having any direct or indirect contact with the. . . victim, C.M.,[2] including contact in person, in writing, by telephone, through social media (or any other electronic means), or through third persons."

In April 2024, Rivera entered a guilty plea to the felony charges of false imprisonment and burglary of an occupied dwelling.[3] The trial court imposed a sentence of five years in prison, followed by two years of probation. Although the pretrial no-contact order was terminated at that time, the trial court imposed, as a special condition of Rivera's probation, a requirement that he "have no contact (direct or indirect) with the victim or the victim's family during the period of supervision."

Rivera remains in prison, serving the incarcerative portion of his sentence. A violation of that special condition during his prison sentence subjects him to a revocation of probation.[4] And Rivera will remain subject to

---

[2] The stay-away order included the full name of the victim.

[3] Rivera also pled guilty to the misdemeanor battery charge, and his sentence of 364 days was ordered to run concurrent with the sentences on the two felony charges.

[4] See Stafford v. State, 455 So. 2d 385, 386 (Fla. 1984) (quoting with approval Martin v. State, 243 So. 2d 189, 191 (Fla. 4th DCA 1971) ("[T]he court can revoke an order of probation, the term of which has not yet commenced, should the court determine that the defendant probationer has been guilty of misconduct occurring subsequent to the entry of the order of probation.")); Williamson v. State, 388 So. 2d 1345 (Fla. 3d DCA 1980); Crutchley v. State, 705 So. 2d 966, 967 (Fla. 5th DCA 1998) (holding that

3

that special condition prohibiting any contact with the victim or the victim's family during the probationary portion of his sentence as well.

We therefore affirm the trial court's order denying relief.

Affirmed.

---

smoking marijuana before release from prison is "[m]isconduct occurring subsequent to the entry of an order of probation [that] permits a court to revoke probation.").